## THE NATIONAL SURETY COMPANY
### *v.*
## THE T. B. TOWNSEND BRICK AND CONTRACTING CO.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. PARTNERSHIP—*as between the parties, question of partnership is one of intention.*  As between the parties the question of the existence of a partnership relation is one of intention, to be gathered from all the facts and circumstances.

2. SAME—*agreement to share profits and losses does not necessarily create a partnership.*  An agreement between a contractor and a firm in his employ to share the profits and losses of the enterprise does not create a partnership as between the parties, where it is clear the arrangement was made to measure the compensation of the employees, and not with the intention of creating a partnership.

3. BONDS—*when surety is not released from liability for one-half loss sustained.*  A surety company on the bond of a sub-contractor is not released from liability for one-half the loss sustained by the contractor, the obligee, upon the ground that after taking the contract, but before accepting the bond, the contractor entered into an agreement with a firm in its employ to share the profits and losses of the work, which, it is claimed, constituted a partnership.

*Nat. Surety Co. v. Townsend Brick, etc. Co.* 74 Ill. App. 312, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

JACK & TICHENOR, (GEORGE A. VANDEVEER, of counsel,) for appellant.

PAGE, WEAD & ROSS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The city of Peoria let a contract for the construction of the sewer system in that city known as the "West Bluff Sewer System" to the T. B. Townsend Brick and Contracting Company. This company afterwards contracted with T. F. Sinclair & Co. for the performance of certain work connected with the construction of the said system. Sinclair & Co., to secure the Townsend company in the faithful performance of their contract with it, entered into an indemnity bond in the penal sum of $10,000, and the National Surety Company became surety on this bond. Sinclair & Co. failed to perform their contract, whereupon the Townsend company was compelled to and did undertake the work contracted for by Sinclair & Co. and completed it. This is an action of debt by the Townsend company against Sinclair & Co. and the National Surety Company to recover on their bond, and for damages sustained by reason of failure of Sinclair & Co. to perform their contract. No service was had upon Sinclair & Co.

The declaration contains two special counts besides the common counts. The special counts are the same in substance, the second being only more specific than the first. These counts allege a contract by Sinclair & Co. with the Townsend company, by which Sinclair & Co. agreed to construct a portion of the main sewer of the West Bluff sewer system strictly according to the contract of the Townsend company with the city, and providing that the rate of progress by Sinclair & Co. should be such as, in the opinion of the Townsend company or of the department of public works of the city of Peoria, should be necessary to insure its completion by May 1, 1896, and if it failed to make such progress the Townsend company reserved the right to terminate the contract and assume charge of the work; also, if Sinclair & Co. should not promptly pay all employees engaged in

the work, plaintiff was authorized to pay them and deduct the amount from the amount due Sinclair & Co. from it. These counts each allege the beginning of the work by Sinclair & Co. on November 1, 1895, and its abandonment by them on December 4, 1895, after having performed but a small and immaterial part of the contract; also the completion of the same by the Townsend company at an expense of $10,000 more than the cost to it would have been had Sinclair & Co. carried out their contract. Annexed to the declaration was a copy of account sued on, containing forty-four items, aggregating over $12,000.

The defendant pleaded "*non damnificatus*," and stipulated with plaintiff that it might make and rely upon any defense whatever which it might or could have made under any pleas if well and properly pleaded in the cause. The case was tried before the court, a jury being waived by agreement. The finding was for the plaintiff in the sum of $10,000 debt and the damages assessed at $9719. Motion for a new trial was overruled and judgment rendered according to the findings. On appeal to the Appellate Court for the Second District this judgment was affirmed, and from the latter judgment appellant appeals to this court.

Numerous alleged errors in the trial of this case are pointed out and relied upon by counsel for appellant as ground for reversal. Aside from those which have been settled by the decision of the Appellate Court, there remain for our consideration only those assigned on the admission or rejection of evidence by the trial court over the objection of appellant, and on its ruling on propositions of law submitted to it, and to which objections by appellant were made and saved.

On the trial the court held that plaintiff had succeeded in establishing thirty-four items of expense incurred by it in completing the contract undertaken by Sinclair & Co., which items aggregate $57,140.41, whereas, under the contract, Sinclair & Co. would have been entitled to $47,-

420.85, leaving a total loss to the Townsend company of
$9719.56, or practically the amount of the judgment. Upon
the abandonment of their contract by Sinclair & Co. the
Townsend company notified the National Surety Company
that unless Sinclair & Co. would resume and fulfill the
sub-contract it would be held liable, under the terms of
its suretyship, for such damage as might result from the
failure, and later, in writing, gave further notice that it
would proceed to do the work and keep a strict account
of the cost, and require appellant to pay such damages
as appellee might sustain on account of the failure of Sin-
clair & Co. to perform their contract. Plaintiff completed
the work of construction covered by the Sinclair contract,
in connection with the remainder of the work necessary to
complete the system, and kept an accurate account of the
cost of labor and material necessarily incurred in all the
work, but did not keep an accurate account of all the items
entering into the part covered by the Sinclair contract.
As to each of these items of expense so kept, plaintiff of-
fered evidence tending to prove the amount by estimates
based on the proportion it bore to the whole expense
of that item. To the admission of some of this evidence
defendant objected on the ground that plaintiff had agreed
to keep an accurate account of it, and to other parts of
it, that it was speculative and immaterial. None of the
objections were well taken. There was nothing in the
agreements, either in the contract with Sinclair & Co. or in
the bond, which bound plaintiff to separate in an account
each item of labor and material used in the completion of
the contract abandoned by Sinclair & Co. Certainly the
notice did not require it to do so. It was not the con-
tract, nor can we see that any principle of estoppel can
be invoked to that effect.

To the argument that plaintiff, in the completion of
this work, held a trust responsibility to defendant, and
therefore should be held to a strict accounting, it is suffi-
cient to say, that whether the court considered the proof

sufficient was for it and the Appellate Court to determine, and not open to review here.   Defendant's sixth proposition, as modified, gave it the full benefit of the law on that point.

It is next contended by counsel for appellant that the Townsend company, after it contracted with the city but before it entered into the agreement with Sinclair & Co., made a contract with the firm of Adams Bros., by which, in so far as Sinclair & Co. and defendant are concerned, they, the Townsend company and Adams Bros., became partners, the effect of which contract was to render it not liable on the bond, or, in any event, only to the extent the Townsend company was interested in the contract with the city at the time of the Sinclair contract. Assuming that appellee and Adams Bros. were, as to appellant and Sinclair & Co., partners, appellant argues that there was no privity of contract between Sinclair & Co. and Adams Bros., and that there was a concealment of parties, and hence their contract was not binding; and, in any event, if they were equal partners with Adams Bros., that appellee could not have been damaged to a greater extent than one-half the loss by reason of the failure of Sinclair & Co.   Many cases are cited in support of the position, announcing principles of law which may be conceded to be correct, but none of them are, to our minds, decisive of the above point made.   We do not, however, regard the question raised as of controlling importance in the decision of the cases.

On the question of the partnership relations of the Townsend company and Adams Bros., it was conceded that after making the contract with the city, but before contracting with Sinclair & Co., the Townsend company contracted with Adams Bros. for certain assistance by the latter, in return for which they were to receive one-half the profits and share one-half the losses.   The Appellate Court, in dealing with this question, said: "From a careful consideration of the evidence upon this point we

have reached the conclusion the agreement with Adams Bros. did not create a partnership. No partnership was intended. They were merely the employees of the defendant in error, and their share in the profits and losses was a mere measure of compensation for the work to be done. The facts and circumstances in evidence repel every other inference." In other words, while the agreement with Adams Bros. to share one-half the profits and losses might raise a presumption of partnership, yet if the parties actually meant that there was to be no partnership created, and so contracted, the presumption would be rebutted. But counsel insist that there is no evidence that would justify a court in holding this presumption to be overcome. That question is not presented by the record to this court.

The first and third propositions of law were properly refused, in our opinion, because, conceding that the Townsend company and Adams Bros. were jointly interested in the work contracted for by Sinclair & Co., and were to receive one-half the profits and share one-half the losses, still, if that interest arose from a contract made merely to arrive at a method of compensation and which clearly precluded a partnership relation, then it did not necessarily affect the contract between the Townsend company and Sinclair & Co. There is no claim that Adams Bros. were at any time held out as partners of the Townsend company, and we can find no evidence of any acts in this regard which would estop it from denying the existence of such partnership. The law is well settled that as between the parties the question of a partnership relation is one of intention, and hence to be gathered from the facts. *Niehoff* v. *Dudley*, 40 Ill. 406; *Snell* v. *DeLand*, 43 id. 323.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*