Opal Cline (nee Gleason), Plaintiff-Appellant, v. Dallas Cline, and Persaw M. Cline, Administrators of Estate of John M. Cline, Deceased, William Cline et al., all Heirs-at-Law of John M. Cline, Deceased, Fern Hickey, Otherwise Known as Fern Hickey Cline, and Frank Fornoff (Eugene H. White, Successor), Judge of County Court of Wabash County, Illinois, Defendants-Appellees.

Term No. 56–M–3.

Fourth District.
October 8, 1956.
Released for publication February 4, 1957.

A. K. Swann, of Evansville, Indiana, and Hill & Hill, and Lewis & Lewis, both of Benton, for plaintiff-appellant; A. K. Swann, of Evansville, Indiana, and Loren E. Lewis, and W. Joe Hill, both of Benton, of counsel.

McGaughey, McGaughey & Henry, of Lawrenceville, Sorling, Catron & Hardin, of Springfield, Townsend, Townsend & Schafer, of Mt. Carmel, and Marshall

Huser, of Wewoka, Oklahoma, attorneys for defendants-appellees; Guy E. McGaughey, Jr., of Lawrenceville, George William Cullen, of Springfield, and Joel W. Townsend, of Mt. Carmel, of counsel.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Wabash County, dismissing the complaint of plaintiff, Opal Cline (nee Gleason), as against the defendants in this cause, seeking to establish a partnership between one John M. Cline, now deceased, and plaintiff, by the terms of which it was contended that 50% of all assets standing in the name of John Cline at his death on February 25, 1953, belonged to plaintiff. The widow of deceased and his heirs-at-law, as well as the administrator of the estate, and certain public officials, are named defendants in the action. There were two companion actions which are not involved on appeal in this cause. No questions are raised about the pleadings, and the only issue requiring determination in the equity suit was whether, under the evidence, plaintiff and John M. Cline, deceased, were partners in the business of contracting for the drilling of oil and gas wells and in the production of oil and gas, from 1944 to the date of the death of John M. Cline.

John M. Cline was killed in an automobile accident on February 25, 1953. He died intestate. He left surviving his widow, Fern Hickey Cline, from whom he had been separated since 1936. The evidence shows that John M. Cline was an oil field worker in Oklahoma in 1935, and that he and the plaintiff, Opal Gleason, came to the Centralia, Illinois oil field in 1939; that they lived together as man and wife in Centralia, in New Harmony, Indiana, and in Mt. Carmel, Illinois, until the time of his death.

It is the contention of plaintiff in the action against the heirs-at-law and personal representatives of John

233

M. Cline, that plaintiff and Cline were partners in the businesses conducted by Cline under various names. After the death of John M. Cline, plaintiff filed a verified inventory of co-partnership property in the Probate Court of Wabash County, Illinois, and in the County Court of Gibson County, Indiana, listing as partnership property all the assets of every kind and character of Cline. She thereafter filed the present action to establish that there was equal partnership between plaintiff and the deceased John M. Cline, and in support of such complaint offered evidence tending to show that she contributed her efforts, time and interest toward the business success of John M. Cline, including maintenance and care of the home in which he lived, gave him constant help and advice, and in earlier years contributed not only money, efforts and work, but aided in his support and maintenance. The evidence tended to show that the success of John M. Cline came after he had left the widow, and in the period from 1936 to the time of his death.

There was some oral evidence of witnesses tending to support the contention of plaintiff, and some physical evidence which also tended to support such claim. There was also a very substantial volume of evidence in support of defendants' position that there was no partnership as between plaintiff and decedent, John M. Cline, including a great volume of documentary evidence which was inconsistent with the oral testimony offered by plaintiff. This included public records.

A partnership is never created between parties by implication or operation of law, apart from an expressed or implied intention or agreement to constitute such partnership relationship (Bushnell v. Consolidated Ice Mach. Co., 138 Ill. 67, 74–75; Henry v. Darnall, 246 Ill. App. 250, 269). The existence of the partnership required the determination of the inten-

tion of the parties, together with all the facts and circumstances (Goacher v. Bates, 280 Ill. 372, 376; National Surety Co. v. T. B. Townsend Brick & Contracting Co., 176 Ill. 156). It is true, however, that written Articles of Agreement are not necessary to create a partnership, and that the relationship can be created by verbal agreement (Rizzo v. Rizzo, 3 Ill.2d 291; Einswiler v. Einswiler, 390 Ill. 286), and the existence of a partnership may be proved by parol evidence, without the necessity of producing any written articles or explaining their absence (Kane v. Wehner, 312 Ill. App. 391).

■ On appeal in this Court it is contended by plaintiff that the evidence clearly establishes such partnership and that a consideration of the entire record could not justify the decree. It is basically contended that the decree of the Trial Court is against the manifest weight of the evidence. We have reviewed the evidence as presented on appeal and cannot agree with such contention. Where a Chancellor has heard the testimony of witnesses in open court, his findings of fact are entitled to great weight and will not be disturbed unless clearly and palpably against the weight of the evidence (People ex rel. White v. Underwood, 1 Ill.2d 620, 627; Calcutt v. Gaylor, 415 Ill. 390), and all presumptions are indulged in favor of findings of fact by a Chancellor (Marine Trust Co. of Buffalo v. Reynolds, 308 Ill. App. 595; Union Drain. Dist. No. 5 v. Hamilton, 390 Ill. 487, 493).

■ It has frequently been determined that where the cause is heard by a Chancellor without a jury, his findings of fact are entitled to the same weight as a jury's verdict, and that the Court should be guided by the same principles as would be applied had there been a jury verdict. The Trial Court in such case is in a position to observe the witnesses' conduct and demeanor while testifying to determine their credibil-

ity, and to weigh the evidence and determine where the preponderance of the evidence lies (Compton v. School Directors of Dist. No. 14, Whiteside County, Illinois, 8 Ill.App.2d 243, 263).

In the instant case the volume of documentary evidence which supports the findings of the Chancellor cannot be disturbed (Welch v. Worsley, 330 Ill. 172, 214). It would serve no useful purpose to detail the evidence presented in favor of plaintiff's contention, as well as the great volume of evidence submitted in support of defendants' contention that there was no partnership in fact created. The record is replete with documentary evidence contrary to the contentions made by plaintiff in this cause. The Chancellor below saw the books and records which embraced the execution of Warranty Deeds, Mortgages, Leases, Notes, and Chattel Mortgages, Oil Sales Division Orders, individual as well as partnership Tax Returns, Social Security Tax Returns, Withholding Tax Returns, Partnership Agreements, Modification of Partnership Agreements, Formation and Dissolution of Partnerships, and various other matters. This Court cannot, under the facts in the record, make a finding that the decree of the Chancellor is contrary to the manifest weight of the evidence. There was substantial evidence in support of the position of defendants, and since the Decree of the Chancellor is supported by substantial evidence this Court must affirm such Decree.

Decree affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.