[L. A. No. 579.  Department Two.—November 9, 1899.]

EDMUND HAMMOND, Sr., et al., Appellants, v. H. L. BORGWARDT, Jr., et al., Respondents.

SALE—STOCK OF STORE—CHANGE OF POSSESSION.—A sale by a husband to his wife of an undivided interest in a tract of land upon which a store stood, together with an undivided interest in the stock of goods therein, but which is not accompanied by any change of possession of any of such property, or any change in the management thereof, is void as to the contents of such store, as against the attaching creditors of the husband.

PARTNERSHIP—EVIDENCE OF RELATION.—Partnership is a relation which grows out of a contract, either express or implied, between the parties; and, in the absence of any evidence of such contract, the mere testimony of one person that another was his partner in a particular business is not conclusive thereof.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

C. Linkenbach, for Appellants.

Bledsoe & Bledsoe, and S. N. Reed, for Respondents.

THE COURT.—This action was brought to recover possession of two hundred pairs of shoes seized by the defendants as sheriff and deputy sheriff as the property of Edmund Hammond, Jr. The court below granted judgment for defendants, and the plaintiffs appeal from the judgment and from an order denying a new trial.

The shoes in question were part of a stock of goods in a store in which a mercantile business was carried on under the name of Hammond & Co., and the attachment was levied on the twenty-first day of June, 1897; and the court found that from the tenth day of December, 1896, until the said twenty-first day of June, the said Hammond, Jr., was the owner of and in possession of the store and the stock of goods, including those described in the complaint. It is contended by appellants that this finding was not warranted by the evidence, but the contention cannot be maintained.

As to the plaintiff Winnie Hammond, who is the wife of Edmund Hammond, Jr., the court found that on the twenty-eighth day of January, 1887, Hammond, Jr, executed to the plaintiff Winnie an instrument, by which he purported to sell and convey to her an undivided two-thirds of certain land upon which the store stood, together with an undivided two-thirds of the stock of goods therein; and that on the fifteenth day of June, 1887, he executed to her another deed by which he conveyed the interest above stated, and also the same interest in a wagon and certain horses and in certain book accounts owing to the firm of Hammond & Co.; but that there was no change of possession of any of said property or any change in the management thereof; and this finding is amply sustained by the evidence.

As to the plaintiff Edmund Hammond, Sr., it is contended by appellants that the court should have found that he was at least a partner in the firm, and that, therefore, no particular part of the goods belonging to the firm could be taken on attachment as the property of Hammond, Jr., and that all that could have been attached as the property of Hammond, Jr., was his interest in all the property of the partnership. But the court was not called upon by the evidence to find that Hammond, Sr., was a partner, and it did not err in not so finding. The only evidence of any facts tending to show the partnership is to be found in the following testimony of Hammond, Jr., who is the son of Hammond, Sr., while on the witness stand: "I was in possession of a stock of goods, wares, and merchandise in Randsburg from some time in December, 1896, to January, 1897. I located a mining claim, known as the 'Winnie,' which location was made in the name of myself, my father, and a gentleman named Prosser; we traded the mine for the store, and in making the trade for the store we were all equal partners in the same, each owning one-third. I bought Mr. Prosser out in December, 1896."

If in this testimony the word "store" means merely the house in which the business was conducted, it has no significance in consideration of the question of partnership in the business. But, in any event, the mere use of the word "partners" by the witness would not be sufficient, in this case, to compel the court

to find the fact of partnership.    Partnership is a relation which grows out of a contract, either express or implied; and there is no evidence in this case that Hammond, Sr., ever entered into such a contract.    There is no evidence that he ever had anything to do with the locating of the mine, or the trading of it for the store, or that he ever took any part in the business that was conducted in the store, or that he ever knew of any of these things or took any part in them.    He was never at the store, he always lived in another state, and there is no evidence that he was ever in the state of California.    No evidence was introduced of any of his acts by which he showed any consent to be a member of this partnership, or by which he participated in it in any way.    He made no appearance and cuts no figure in any of the transactions; his first appearance on the scene is when his name was used as a party plaintiff to this action.    The business was conducted by Hammond, Jr., down to the time of the levy of the attachment.    Considering all these facts, we think the court was warranted in not finding that Hammond, Sr., was a partner, although Hammond, Jr., and one other witness applied to him the word "partner," which is, at best, a mere legal conclusion.

With respect to appellants' technical objection to the sufficiency of the certificate of the justice of the peace to the judgment-roll in the case in his court against Hammond, Jr., in which the attachment was issued, and to the proof of the writ under which the defendants acted, it is enough to say that we think such certificate and proof were sufficient.

The judgment and order appealed from are affirmed.