[Civ. No. 5631.  Second Appellate District, Division One.—November 6, 1929.]

IRVING L. BLINN, Respondent, v. JAMES RITCHIE et al., Appellants.

692

Irving P. Austin for Appellants.

I. R. Rubin for Respondent.

HAHN, J., *pro tem.*—In the action which gives rise to this appeal, which was originally filed in the Municipal Court of the City of Los Angeles, the complaint is cast in the form of a common count alleging that the plaintiff had performed certain services "for and at the request of the defendants" and the reasonable value thereof. The title of the action, as it appears in the caption of the complaint, reads as follows: "Irving L. Blinn, Plaintiff, vs. James Ritchie and Joseph F. Knopf, individually, James Ritchie and Joseph F. Knopf, copartners doing business under the fictitious name and style of Walnut Park Lumber Company."

Judgment for four hundred dollars was ordered "in favor of the plaintiff Irving L. Blinn, and against the defendants, James Ritchie and Joseph F. Knopf, individually, and James Ritchie and Joseph F. Knopf, copartners, doing business under the fictitious name and style of Walnut Park Lumber Company."

Upon an appeal taken by the defendants to the Superior Court in and for the County of Los Angeles, the judgment of the Municipal Court was affirmed. From this judgment of affirmation by the Superior Court this appeal is taken by "Joseph F. Knopf, James Ritchie and Joseph F. Knopf, copartners doing business under the fictitious name and style of Walnut Park Lumber Company."

Appellants in their brief present and argue several reasons for reversal of the judgment, but, in view of the conclusions we have arrived at, we deem it necessary to discuss but one proposition.

The judgment must be sustained, if at all, upon the basis of the existence of a copartnership between the defendants Ritchie and Knopf. There is no finding that such a copartnership existed, nor is there competent evidence in the record to sustain such a finding, if one had been made. It is not contended that the defendant Knopf had anything to do personally with the hiring of the plaintiff, or even that he had any knowledge of such a hiring, or of any services rendered by the plaintiff to the Walnut

Park Lumber Company. The defendant Knopf can be held for plaintiff's claim only upon a showing that Ritchie, who admitted the hiring of the plaintiff, was a partner of Knopf at the time. The only evidence in the record touching upon the question of copartnership is the testimony of the plaintiff that, prior to his employment by Ritchie, Ritchie had told him that "Knopf was a silent partner in the business, and was not actively engaged in the conduct of the business," and the testimony of the defendant Ritchie: "that he and defendant Joseph F. Knopf were the owners of the Walnut Park Lumber Company; that he was in active charge of said business, and that Mr. Knopf acted as a silent partner."

Appellants' contention that the foregoing testimony is insufficient to support a judgment against Knopf on the basis of a copartnership existing between Ritchie and Knopf must be sustained. The testimony of the plaintiff as to what Ritchie told him about Knopf's connection with the business was mere hearsay; while the testimony of Ritchie that Knopf was his silent partner is clearly a conclusion of law. There is not a scintilla of evidence in the record as to any contract of copartnership, nor as to any acts of Knopf relating to the conduct of the business of the Walnut Park Lumber Company, that would justify an inference of the existence of a copartnership agreement.

In the case of *Hammond* v. *Borgwardt,* 126 Cal. 611 [59 Pac. 121], the court, having under review evidence markedly similar to that contained in the instant case, held that the evidence was insufficient to warrant a finding of the existence of a copartnership. In the case of *Doudell* v. *Shoo,* 20 Cal. App. 424 [129 Pac. 478], the court, in approving the language used in *Hammond* v. *Borgwardt, supra,* emphasized the rule that a contract of copartnership must be proved in the same manner that any other contract must be established, and that the mere declaration of a witness that another person was his partner is a mere conclusion of law, and does not furnish the evidentiary facts necessary to support a finding of copartnership.

Respondent endeavors to avoid the consequences of the rule requiring evidentiary facts instead of conclusions of law to support a finding of copartnership by asserting that an exception to the rule exists where one makes the

.statement that he and another party were partners in the presence of the alleged partner and such alleged partner makes no denial. Respondent claims the benefit of this asserted rule on the theory that defendant Knopf was present in the Municipal Court during the trial, and that the testimony of the defendant Ritchie was given in his presence, and that Knopf made no denial. Without determining the legal question involved in this contention, the fact that there is nothing in the record to show defendant Knopf was present in the courtroom when Ritchie testified disposes of this point adversely to appellants' contention.

Nor is there merit in respondent's contention that the defendant Knopf, by filing an answer in the action, admitted the existence of the claim of partnership between himself and Ritchie. This contention is based upon the introductory language used in the answer, which reads as follows: "Comes now defendants, Joseph F. Knopf and Walnut Park Lumber Company, a copartnership, and answering plaintiff's complaint herein, admit, allege and deny as follows": By no theory of pleading can this language be construed as being an admission of any essential element necessary to support the judgment. (*Maclay Co.* v. *Meads,* 14 Cal. App. 363 [112 Pac. 195, 113 Pac. 364].) Furthermore, there is nothing in the quoted introductory statement that indicated who constituted the Walnut Park Lumber Company, a copartnership.

The judgment is reversed as to defendant 'Joseph F. Knopf as an individual, and James Ritchie and Joseph F. Knopf, copartners, doing business under the fictitious name and style of Walnut Park Lumber Company.

Houser, Acting P. J., and York, J., concurred.