John **KIELHAFNER**, Plaintiff-Appellant,

v.

Donald **KIELHAFNER**,
Defendant-Respondent.

No. 44797.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1982.

---

Tom K. O'Loughlin, II, Cape Girardeau, for plaintiff-appellant.

Joseph Fuchs, Sikeston, for defendant-respondent.

GUNN, Judge.

The plaintiff-appellant brought suit against defendant-respondent for an accounting of an alleged farming operation partnership. The trial court found that no partnership existed and made an award of specific items of farm machinery to defendant-respondent. Plaintiff-appellant's appeal frames the issue for this court's determination: were the trial court's findings against the weight of the evidence? We find not and affirm the judgment.

Plaintiff and defendant are brothers conducting farming operations on their father's farm before and after his death in 1977. The theory of plaintiff's case is that he and his brother orally agreed to a partnership for farming operations beginning in 1965 with each to share equally in the profits. Plaintiff alleges that for the five year period prior to the partnership dissolution on December 31, 1977 he did not receive his fair share of the partnership profits.

Though there was evidence that the brothers did perform operations jointly, sharing profits and expenses, although sometimes not equally, they maintained separate bank accounts, books and filed separate tax returns.

A partnership has been judicially defined as "a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business and to divide the profits and bear the loss in certain proportions." *Stuart v. Overland Medical Center,* 510 S.W.2d 494, 497 (Mo.App.1974). The partnership agreement need not be written but may be expressed orally or implied from the acts and conduct of the parties, *Id.* at 497, with the intent of the parties serving as the primary criterion for determining whether such a relationship exists. *Brotherton v. Kissinger,* 550 S.W.2d 904, 907 (Mo.App.1977). The burden of proof in this case rests, of course, with the plaintiff, and failure to carry the yoke

placed upon him results in failure of relief sought. *Id.* at 907.

█ Though the parties bear the honorable title and panegyric of "plain country people" and are thus not required to know or comply with all the legal nuances of what is or is not a partnership, *Grissum v. Reesman,* 505 S.W.2d 81, 86 (Mo.1974), our review of the record convinces us that the trial court's finding that there was no partnership is not against the weight of evidence nor does it erroneously declare or misapply the law.

█ The same is true with regard to the trial court's finding that certain items of machinery belonged to defendant-respondent as a result of a gift from the parties' father. There was evidence that the machinery was a gift; there was evidence that it was not. But the trial court is entitled to deference in resolving conflicts in testimony in a court tried case. Rule 73.01(c)(2). And with regard to the trial court's determination that a gift of the machinery had been made by the father to defendant-respondent, the judgment is to be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares or misapplies the law. *Kelly v. Maxwell,* 628 S.W.2d 931, 934 (Mo.App.1982). The evidence as reviewed sustains the trial court's judgment.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.