**Daunt Robert NESLER, et al.,**
**Plaintiffs-Respondents,**

v.

**Arla E. REED, et al.,**
**Defendants-Appellants.**

No. 49347.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 14, 1986.

Application to Transfer
Denied Feb. 18, 1986.

Charles E. Rendlen, Hannibal, for defendants-appellants.

Branson L. Wood, Hannibal, Donald S. Hilleary, Clayton, for plaintiffs-respondents.

KAROHL, Judge.

Defendants Franklin County Oil Company, Inc. (FCOC, Inc.), Arla Reed and Roscoe Reed appeal judgment for damages flowing from a finding that FCOC, Inc. excluded plaintiff from a partnership formed to operate Tri-County Restaurant in Franklin County, Missouri. Plaintiff Daunt Nesler alleged the existence of a partnership and claimed the value of his interest on the date of exclusion and profits attributable to the use of his interest in the partnership from that date to the date of trial. Other plaintiffs made claims in counts not involved in this appeal.

The court tried the issue of the existence of partnership resulting in an interlocutory judgment which determined that plaintiff was a partner with defendant Maude Reed d/b/a Franklin County Oil Company (FCOC) and thereafter with FCOC, Inc. The court then appointed a master to determine: (a) the value of plaintiff's interest in the partnership with FCOC, Inc. (no part-

nership with Arla Reed or Roscoe Reed was found); and (b) plaintiff's money damages, if any, to the date of the determination of his interest. The court thereafter adopted the findings of fact and conclusions of law of the master and entered a judgment for plaintiff for $347,327.00 against defendants FCOC, Inc., Arla Reed, and Roscoe Reed.

The defendants denied the existence of a partnership by pleading and throughout the trial. Here they argue plaintiff failed to prove a partnership. The individual defendants also claim that if plaintiff made a submissible case on that central issue he never pleaded or proved a personal obligation on their part. The complex issues relating to claimed errors in the accounting portion of the trial before the master are dependent upon the proof of a partnership and are deferred until that issue is resolved.

From the record, including pleadings and evidence, we review a case which was filed in June, 1975 and resulted in final judgment on September 28, 1984. Counts I and II of the original petition made claims regarding two other restaurant operations, matters not within the cause of action involving Tri-County Restaurant. Counts I and II were severed for trial in July, 1978, and passed for settlement in June, 1980.

This case was tried on Counts III and V of a third amended petition. Originally, in 1975, Count III alleged plaintiff managed and operated Tri-County for Arla, Roscoe and Maude Reed for a salary of $250.00 per week and 40% of the net profits. The oral employment agreement was made in December, 1970, by plaintiff with Arla Reed and Roscoe Reed, who were to receive 40% of the net profits. Six percent of the gross income was to be paid to defendant Maude Reed d/b/a FCOC, a sole proprietorship, to repay its expenditures in refurbishing Tri-County. The remaining 20% of net profits were to go to assistant managers. It was also alleged that FCOC, Inc. was formed on July 3, 1972, and the obligations and benefits of the oral agreement with plaintiff were assigned to the corporation by Maude

Reed. Plaintiff managed and operated Tri-County until his employment was terminated on December 26, 1974. Plaintiff in Count III, prayed an accounting from December 1, 1971 through December 26, 1974 for a determination of his unpaid portion of the profits.

The third amended petition on which the case was tried was filed on November 6, 1979. It realleged the original Count III as above summarized and added a Count V. Count V alleged that in 1971 the Reeds, individually, and FCOC, Inc. entered into an oral partnership agreement to run Tri-County. There is an inconsistency of allegations and theory of recovery between Count III and Count V. Count III alleges plaintiff was an employee of the Reeds. Count V alleges a 1971 partnership with the Reeds and FCOC, Inc. which was not formed until July 1972. The terms of the alleged partnership provided that defendants furnish the cash and plaintiff the expert knowledge; that losses and profits were to be shared 50% to plaintiff and 50% to the defendants. Plaintiff was to receive $250.00 per week for his time and not as a draw against his share. Defendants were to receive 6% of gross revenue to reimburse initial cash expenditures until repaid and thereafter create a fund to purchase future restaurants. Count V further alleges the partnership operated under the agreement until defendants excluded plaintiff on December 26, 1974. Plaintiff prayed for a declaration of rights and duties of the parties under "said contract of partnership" and for an accounting, together with related relief.

In response to Counts III and V defendants denied any partnership agreement and alleged plaintiff was an employee with no right to an accounting.[1] In reviewing a court-tried case on the issue of sufficiency of proof we review both the law and the evidence, granting due regard to the opportunity of the trial judge to consider credibility of witnesses, Rule 73.01(c)(1) and (2), and will sustain the judgment unless there is no substantial evidence to support it or it is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Following this guideline, the question becomes, did plaintiff prove the partnership adjudged by the court with defendant Maude Reed d/b/a FCOC and with FCOC, Inc.? The court did not find plaintiff was an employee of the Reeds with an agreement to share profits of Tri-County Restaurant and did not find plaintiff was a partner with defendants Arla Reed or Roscoe Reed individually. Further, there was an interlocutory but no final judgment against defendant Maude Reed. The interlocutory judgment entered before the accounting phase of the trial found plaintiff a partner with Maude Reed and, by her assignment of her interest, with FCOC, Inc.

Plaintiff's case on the issue of partnership consisted of his own testimony; in court and deposition testimony of Arla Reed; deposition testimony of Roscoe Reed; and brief testimony of two employees of Tri-County.

█ The testimony of defendant Arla Reed and the deposition testimony of defendant Roscoe Reed consistently denied there was a partnership. This testimony may support a finding that there was an

1. These pleadings were amended to conform with proof during hearings after the master's report was filed and accepted by the court. From the record we discern that after the trial resulting in the interlocutory judgment of partnership and after the hearings and determination of accounting before the master, the court permitted plaintiffs to incorporate the pleadings in Count V within the pleadings of Count III. It is not clear what effect this may have on the appeal. As originally pleaded Count III claimed employment with a right to profits and Count V claimed a partnership and these pleadings are inconsistent and in the alternative. The judgment relates only to the finding of partnership and we conclude that plaintiffs abandoned the claim of employment with a right to profits. Neither the interlocutory nor the final judgment expressly decide that claim. The judgments as entered are in the direction of partnership only. We need not address the question of whether the amendment to conform with pleadings was proper but observe that the issue of the existence of a partnership was contested in all respects throughout the trial.

employment agreement and that plaintiff was to receive a salary and a percentage of the profits. This testimony is not in itself sufficient to establish the parties intended a partnership. *Bussinger v. Ginnever*, 213 S.W.2d 230, 237 (Mo.App.1948), *citing, Van Hoose v. Smith*, 355 Mo. 799, 198 S.W.2d 23 (1946).

■ Before addressing plaintiff's other evidence we review the applicable legal rules. The Uniform Partnership Law in Missouri defines a partnership as "an association of two or more persons to carry on as *co-owners* a business for profit." (our emphasis). § 358.060.1 RSMo.1978. The focus is on a determination of co-ownership and not on an agreement for the division of profits. The law never presumes the existence of a partnership, but he who asserts its existence has the burden of showing such existence. *F.M. Strickland Printing & Stationery Co. v. Chenot*, 45 S.W.2d 937, 939 (Mo.App.1932). The burden of proof is upon plaintiff to establish the elements of partnership by clear, cogent and convincing evidence. *Brotherton v. Kissinger*, 550 S.W.2d 904, 907 (Mo.App.1977). In order to carry that burden plaintiff must present evidence of "a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business and to divide the profits and bear the loss in certain proportions." *Kielhafner v. Kielhafner*, 639 S.W.2d 288, 289 (Mo.App.1982), *cited in, Wirth v. Wirth*, 646 S.W.2d 394, 396 (Mo.App.1983). The partnership agreement "may be either oral or written, verbally expressed or implied from the acts and conduct of the parties themselves." *Stein v. Jung*, 492 S.W.2d 139, 144 (Mo. App.1973). However, "the purported partners must have a definite and specific agreement proved by cogent, clear and convincing evidence, or at least by a preponderance of the credible evidence ..." *Brotherton*, 550 S.W.2d at 907. If it complies with these requirements, an oral agreement will suffice even against reliance on the statute of frauds, if asserted. § 432.010, RSMo.1978. *Grissum v. Reesman*, 505 S.W.2d 81, 88 (Mo.1974). Finally, the intention of the parties is the primary criterion in deciding whether a partnership exists. *McGuire v. Hutchinson*, 240 Mo. App. 504, 210 S.W.2d 521, 525 (1948).

For purposes of our review, we accept all testimony of the plaintiff or that was offered by the plaintiff as truthful, credible and probative. Accordingly, deference to the trial court is unnecessary. However, under the described standard of review we make our own findings and conclusions. *Grissum*, 505 S.W.2d at 86.

■ If plaintiff met his burden of proof then the terms of an agreement of partnership must be found in conversations with defendant Arla Reed during 1970 and 1971. Plaintiff never spoke with defendant Maude Reed and, by his testimony, discussed the proposals only with defendant Arla Reed. What the parties may have done after the Tri-County Restaurant was opened is not part of the agreement but may imply terms of the agreement. *Grissum*, 505 S.W.2d at 86.

Plaintiff met Arla and Roscoe Reed in 1970. In the summer of 1970, plaintiff went to the offices of FCOC to make a business agreement regarding a restaurant in Hannibal, Missouri. Later discussions took place in September and December, 1970 and sometime in the spring of 1971. These meetings occurred in Hannibal. On the last occasion defendant Arla Reed asked plaintiff what kind of deal he wanted to run Tri-County and plaintiff said he would not consider attempting this size project unless he owned part of the business. Arla was to speak with Roscoe and reply back to plaintiff. On a later trip to Hannibal Arla suggested to plaintiff an arrangement for "20% of the profits for an assistant manager and we will take 40% and you take 40%." A few weeks later, also in the summer of 1971, at Tri-County restaurant in Franklin County, plaintiff presented Arla and Roscoe with some drawings or plans but spoke only to Arla who said Franklin County Oil Company would pay for the needed fixtures and be repaid from 6% of the gross; plaintiff's

$250.00 per week draw should not be against your [plaintiff's] profits. Plaintiff agreed. This was the sum and substance of the agreement as far as plaintiff was concerned. No other agreement or discussion occurred until 1974.

Plaintiff operated the restaurant. He was in total charge except he was never authorized to sign checks. He approved the checks but did not sign them. Otherwise he had full control over the operation. He did not keep the books. No partnership tax returns were ever prepared or filed. A division of profits was made on two or three occasions. Plaintiff received a W–2 tax form for both wages and his share of the division of profits. On that basis plaintiff filed individual federal income tax returns.

Plaintiff testified that he made some statements to a possible new manager of the Tri-County restaurant in the presence of Roscoe Reed. Plaintiff told the candidate "Roscoe and I are partners" or "we are partners here." Roscoe did not respond to these statements.

On cross-examination plaintiff recalled that in his first meeting with the Reeds he said, "I'm looking for a job." On the terms of the agreement of partnership he did not speak to the Reeds jointly—he did not discuss terms with Roscoe, only Arla. He never spoke with defendant Maude Reed. There is no evidence that the business of Franklin County Oil Company or Franklin County Oil Company, Inc. involved the operation of restaurants. When pressed about whether the agreement was in terms of 50% of profits or of ownership, plaintiff quoted Arla as proposing "20% of profits to hire an assistant manager and we would take 40% and you take 40%." When asked "was ownership discussed?" He replied, "No, his statement was, 'we think we ought to divide the profits this way.' " The following questions and answers are quoted from the transcript:

Q. Allright, was there any discussion at that meeting with Arla Reed in reference to an ownership in the business?

A. Arla said, in answer to the question, Arla said, 'we would get all our money back under the arrangement so on that kind of arrangement I don't think you're $250.00 should be a draw. It should be in addition to your 50% of the profits.' . . . .

Q. Did he ever tell you at that meeting that it would be 50% of profits and 50% ownership of the business.

A. No, he didn't use those words.

Q. Did he ever tell you that you would be a 50% owner of the business?

A. I don't remember that.

.    .    .    .    .

Q. Did not Arla Reed talk to you about 50% of the profits plus the $250.00 draw or 40/40/20, those three?

A. I think that's correct.

Q. So at all times prior to the time you went to Tri-County personally or down there full-time, Arla Reed's discussions with you was on a division of profit of that business?

.    .    .    .    .

A. I think division of the profits was discussed at each of the discussions.

The plaintiff acknowledged and the trial court recalled that plaintiff testified there was never any discussion of the assumption of losses.

The plaintiff also testified that in September, 1972 there was a division of profits. He was asked, "and at that time you are claiming to have been a partner *with Arla and Roscoe?*" He replied "that's correct." (emphasis ours) Franklin County Oil Company Inc. was incorporated in July, 1972, before this division of profits. In September, 1972, defendant Maude Reed was no longer involved and according to this testimony plaintiff apparently believed he was a partner with Arla Reed and Roscoe Reed individually and not with Franklin County Oil Company, Inc.

After plaintiff was excluded or terminated at Tri-County, he filed an unemployment compensation claim on the basis of the $250.00 per week. It is not clear that he

would have been entitled to unemployment compensation benefits if he was a partner with some or any of the defendants.

■ We find from plaintiff's evidence that the court erred in finding as a matter of fact and in concluding as a matter of law plaintiff was initially a partner of Maude Reed d/b/a Franklin County Oil Company and subsequently with Franklin County Oil Company, Inc. At most, plaintiff proved he intended to be a partner with someone in the operation of the restaurant. His evidence does not support a finding that he intended to be a partner with Maude Reed as found by the trial court in the interlocutory judgment or that Maude Reed intended to be a partner with plaintiff. The plaintiff did not offer any evidence from which it could be found he intended to be a partner with Maude Reed or the terms of the partnership if that was his intention. There was no evidence from which the court could find the plaintiff knew Maude Reed existed or had any interest in Franklin County Oil Company at the time of his negotiations with defendants Arla Reed and Roscoe Reed. If plaintiff relies upon principles of agency then the evidence also fails for lack of a showing from which the court could find either defendant Arla Reed or defendant Roscoe Reed had authority to negotiate a partnership as part of their admitted authority to manage the affairs of Franklin County Oil Company. Even if the evidence supports a finding that plaintiff intended to be a partner with the Reeds individually, there was neither an interlocutory nor final judgment declaring such partnership. Of equal importance there is no evidence that any of the defendants intended to be a partner with plaintiff.

■ The Uniform Partnership Law establishes criteria for determining the existence of a partnership. § 358.070 RSMo. 1978. Receipt by plaintiff of a share of the profits is prima facie evidence of partnership but there is no such inference if profits were received in payment of wages. § 358.070(4)(b). The statutory inference is rebutted by plaintiff's testimony that the agreement which he made with someone was for a percentage of profits and not

ownership. When the surrounding facts are considered, plaintiff's proof was contrary to the inference mentioned in the statute. If the distribution of profits was in the nature of additional compensation then it was unnecessary that plaintiff know the identity of his "partner at the time of distribution" and no partnership tax returns were in order.

■ Further, by plaintiff's own testimony the consideration of losses was never part of the agreement upon which he relies. Where the issue is intent of the parties, the absence of an agreement on the sharing of profits and losses is probative of the proposition that no partnership agreement was made. That provision may be implied where third parties attempt to assert liability on the part of a party who denies the existence of the partnership and there is proof to support a finding that the partners acted as partners in dealing with third parties. *Bussinger v. Ginnever,* 213 S.W.2d 230, 236 (Mo.App.1948). Here the contest is between the principals on the issue of existence or agreement of a partnership. In this type of dispute the absence of any discussion or agreement on the sharing of losses is not a minor detail. *See Grissum,* 505 S.W.2d at 86. Any inference of the existence of a partnership drawn from the sharing of profits "is far from conclusive, and this is particularly true where the parties, although agreeing to divide profits, do not agree to share any possible losses." *Bussinger,* 213 S.W.2d at 236.

The judgment against Franklin County Oil Company, Inc. as the only partner of plaintiff presents further difficulties. There is no evidence from which the court could find the terms and conditions under which Maude Reed d/b/a Franklin County Oil Company, assigned her partnership interest to Franklin County Oil Company, Inc., if she was a partner, or when the assignment occurred if it did. Section 358.-180(7) RSMo.1978, provides that no person can become a member of a partnership without the consent of all the partners. There is no evidence that plaintiff ever consented to be a partner with the corporation. Further, § 358.270.1 RSMo.1978, recognizes that a partner can convey his inter-

est without dissolving the partnership but the assignee is merely entitled to receive profits to which the assigning partner would otherwise be entitled and, absent an agreement with the plaintiff, would have no authority to interfere in the management or administration of the partnership business or affairs or to require any information or account of partnership transactions or to inspect the partnership books. This restriction by statute is entirely contrary to plaintiff's theory of partnership with Franklin County Oil Company, Inc. as a full partner. It is rather only consistent with proof that plaintiff was an employee engaged in consideration of the payment of salary plus a percentage of the profits.

Although the plaintiff alleged in Count V of the third amended petition he was a partner with Arla Reed and Roscoe Reed individually there is no evidence to support such a finding and the court made no such finding. Accordingly, on pleadings of partnership there is no support for the judgment against these defendants individually. Plaintiff argues there was some evidence before the master that the Reeds individually may be liable because they diverted assets of FCOC, Inc. to their own use after the plaintiff was excluded. These matters were not pleaded, were not tried by consent, and are inconsistent with the judgment as rendered. There are no findings of fact or conclusions of law which support a judgment against Arla Reed or Roscoe Reed individually on either the theory of partnership or diversion of funds. Particularly, there are no findings that corporate assets were diverted by the individual defendants. On plaintiff's theory it was the surviving partner, Franklin County Oil Company, Inc., which had obligations under the Uniform Partnership Law to account to plaintiff. If such partnership had been proven and the corporation were properly found to be a surviving partner and judgment debtor of the plaintiff then, on proper pleadings, questions of the diversion of funds from the partner corporation and resulting liability may have become issues to be litigated.

After an extensive study of several thousand pages of transcript and legal file and

with a firm belief the judgment against defendant Franklin County Oil Company, Inc., is erroneous, we hold the trial court's judgment is against the weight of the evidence and there is no substantial evidence to support it. Plaintiff has not proven he was a partner with the defendant Franklin County Oil Company, Inc. or the individual defendants. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is reversed.

DOWD, P.J., and CRIST, J., concur.