**SOUTHERN STATES, INC., f/d/b/a Morgan & Associates, Inc., Plaintiff-Appellant,**

v.

**SOUTHWEST MISSOURI BANK and Mills Anderson, Defendants-Respondents.**

**No. 14249.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 27, 1986.

Douglas L. Winchester, Love & Dorn, Springfield, for plaintiff-appellant.

William C. Crawford, Crandall, Crawford & Crandall, Carthage, Harold F. Glass, Schroff, Glass & Newberry, Springfield, for defendants-respondents.

MAUS, Judge.

By its first amended petition, the plaintiff seeks recovery upon four counts. The first and fourth counts are against only the defendant Southwest Missouri Bank (Bank). The second and third counts are against Bank and Bank officer Mills H. Anderson. Upon the Bank's motion, the trial court dismissed Count I for failure to state a claim upon which relief could be granted. Rule 55.27. The trial court made that judgment final for purposes of appeal. Rule 81.06. The plaintiff appeals.

In general terms, the first amended petition seeks recovery upon the following theories. Count I seeks recovery upon the existence of a partnership between the plaintiff and Bank. Count II seeks recovery upon the dual relationship of Anderson as financial counsel' for plaintiff and an officer of the Bank and the Bank's breach of Regulation O. Count III seeks recovery upon the failure of the Bank to loan, as agreed, additional working capital. Count IV seeks recovery upon the Bank's violation of the Bank Holding Company Act, 12 U.S.C. § 1971, et seq.

In more detailed terms, the following are the determinative allegations of Count I. On March 22, 1984, the plaintiff and Bank entered into an authorization and loan agreement whereby the Bank loaned the plaintiff $165,000. A copy of such authorization and loan agreement was attached to the petition as exhibit A.

Exhibit A is the customary form letter from the Small Business Administration (S.B.A.) to the Bank. That letter commits S.B.A. to insure 70% of a loan to be made by the Bank to the plaintiff. It sets forth in detail the terms of the loan to be made, the collateral to be taken, and the use of the funds. The letter also sets forth some restrictions upon the fiscal affairs of the borrower. Those restrictions include requirements concerning accounting procedures, insurance, and the Bank's countersignature upon checks drawn by plaintiff; limitations on distributions and compensation and certain expenditures; restrictions against contracts for management consulting services; a prohibition against borrowing additional funds; and control of accounts receivable. The letter also requires the sale of a System I program and the E.S.P. software system and provides for the application of the proceeds of such sales. The plaintiff accepted and agreed to the conditions and restrictions set forth in the letter.

Count I contains the following additional allegations. As a result of negotiations between the plaintiff and Bank, the conditions and qualifications set forth in the S.B.A. letter were imposed by the Bank. By reason of those conditions and qualifications, the Bank had control over the plaintiff in 13 specified respects. The Bank exercised that control. By reason of those conditions, qualifications and control exer-

cised by the Bank, the Bank "did in fact become a partner with plaintiff and is in fact at present a partner with plaintiff in its business endeavors."

That count adds an allegation that the Bank is the owner of 100% of the capital account of the partnership. Therefore, it concludes, the Bank owes the plaintiff $600,000 with which to pay partnership liabilities.

■ As stated, upon dismissing Count I, the trial court declared that judgment final for purposes of appeal. See Rule 81.06. Cases hold the presence or absence of such a declaration is not necessarily conclusive of that issue. See *Thomas v. M___ R___ A___*, 713 S.W.2d 570 (Mo.App.1986); *Redeker v. Bradbury*, 680 S.W.2d 403 (Mo.App.1984). It is the duty of this court to determine if the judgment of dismissal is final within the meaning of § 512.020, RSMo 1978. *State ex rel. St. Hwy. Com'n v. Armacost Motors, Inc.*, 502 S.W.2d 330 (Mo. 1973). "Rule 81.06 does not authorize piecemeal appeals of a single claim. Designation of finality by the trial court is effective only when a partial disposition disposes of a distinct 'judicial unit,' i.e., a judgment which terminates the action with respect to the claim adjudged." *Erslon v. Cusumano*, 691 S.W.2d 310, 312 (Mo.App.1985).

On the issue of appealability, it is sufficient to observe that each of the four counts of the first amended petition pleads a distinct theory for recovery and measure of damages. The counts are not dependent upon each other. *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1 (Mo.App.1975). The dismissal of Count I was a disposition of a distinct and independent judicial unit and is an appealable judgment. *Thomas v. M___ R___ A___*, supra; *Erslon v. Cusumano*, supra.

The heading of the plaintiff's point relied on is as follows:

Whether or not the trial court errored [sic] in dismissing Count I of Appellant's Amended Petition for failure to state a cause of action upon which relief could be granted because of one or more of the following:

1. The trial court did not consider the facts pleaded and inferences raised thereby in the manner prescribed by law;

2. The Respondent did not meet its burden of proof required to justify dismissal;

3. The trial court invaded the province of the jury by making a finding of fact as to the existence of the partnership as alleged by Appellant.

■ It is apparent sub-point 2 presents no basis for reversal of the trial court. The Bank did not have a burden of proof to justify dismissal of Count I. It was the plaintiff's burden to set forth "a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.-05. It is equally apparent that if the plaintiff did not comply with that rule, the trial court by its judgment of dismissal did not invade the province of the jury.

The balance of the plaintiff's point does not state "wherein and why" the trial court erred as required by Rule 84.04(d). Only by reason of Rule 84.08 may this court properly consider the plaintiff's argument under its point relied on. The essence of that argument is that Count I states a cause of action because it alleges the existence of a partnership and sets forth the conditions and qualifications in the loan authorization and agreement. Somewhat in contradiction of its own point relied on and pleading, in argument the plaintiff acknowledges that the loan authorization and agreement is not a partnership agreement, but is "admissible as a basis for implying a partnership agreement."

It is true, as the plaintiff states, "[i]n assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded those reasonable inferences fairly deducible from the facts stated." *Commercial Bank of St. Louis Co. v. James*, 658 S.W.2d 17, 21–22 (Mo. banc 1983). That maxim is subject to the rule that "[s]pecific allegations limit and control general allegations in de-

termining the sufficiency of a petition." *Cassel v. Mercantile Trust Company*, 393 S.W.2d 433, 439 (Mo.1965). It is also subject to the limitation that "[m]ere conclusions of the pleader not supported by factual allegations are disregarded in determining whether a petition states a claim on which relief can be granted." *Commercial Bank of St. Louis Co. v. James*, supra, at 22.

The loan authorization and agreement is pleaded haec verba. Count I is based upon the plaintiff's construction of that agreement.

> Where, as in this case, a cause of action is bottomed on an unambiguous written instrument, in ruling the demurrer to the petition, it will be taken as true that the contract as pleaded is in fact the contract made by the parties. However, the court will not accept the pleader's construction of such contract but will place its own interpretation thereon.

*Jewell Realty Co. v. Dierks*, 322 Mo. 1064, 18 S.W.2d 1043, 1045 (banc 1929). The allegation of "partnership" in the first amended petition is such a construction and is a conclusion of the pleader. That general allegation of partnership is controlled by the specific allegations of the terms of the loan authorization and agreement. The use of the word "partnership" does not cause Count I of the first amended petition to state a cause of action.

"Missouri's Uniform Partnership Law defines partnership as 'an association of two or more persons to carry on as co-owners a business for profit.'" *Bernard McMenamy Contractor, Inc. v. Kitchen*, 692 S.W.2d 817, 820 (Mo.App.1985).

The primary criterion in determining the existence of a partnership is the intention of the parties to do the things which in law constitute a partnership. *Bernard McMenamy Contractor, Inc. v. Kitchen*, supra; *McGuire v. Hutchinson*, 240 Mo.App. 504, 210 S.W.2d 521 (1948). The indicia of partnership are much discussed. *Kielhafner v. Kielhafner*, 639 S.W.2d 288 (Mo.App.1982). It is not necessary to consider those indicia in detail in this opinion.

Count I pleads the conditions and qualifications of the loan agreement establish a partnership. Those conditions and qualifications are similar to the terms contained in a lease which was asserted to create a partnership. The terms in the lease provided for guidelines to be followed in the development of land, required auditor's reports and accounts to be submitted and designated an agricultural consultant. In holding that those requirements did not create a partnership, the court concluded they were merely means of insuring the lessee's satisfactory performance of the agreement. *Bernard McMenamy Contractor, Inc. v. Kitchen*, supra. In this case the conditions and qualifications in the S.B.A. letter were merely means of attempting to insure the plaintiff's repayment of the loan provided for in that letter. As the trial court observed, Count I pleaded a loan agreement. The judgment dismissing Count I is affirmed.

TITUS, P.J., and GREENE, J., concur.

FLANIGAN, J., recused.