[Civ. No. 9486. Third Dist. May 4, 1959.]

GEORGE E. SULLIVAN, Respondent, v. WILLIAM SCHELLINGER, Appellant.

Kasch & Cook for Appellant.

Falk, Johnson & Cleland for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment in favor of plaintiff Sullivan in an action for personal injuries resulting from a "blowout" of a plug in a heating main which the court found occurred as a result of defendant's negligence.

By his complaint plaintiff alleged that defendant was a fellow employee; that the defendant negligently and carelessly connected an air compressor to a water line and released compressed air into the line thereby causing plaintiff to be struck in the face and in the eye. Prior to instituting the present action plaintiff applied for and received workmen's compensation benefits.

Defendant, by his answer, presented three defenses: First the allegations that he was a partner of one Charles Harris, that the injuries if any suffered by plaintiff arose out of and in the course and scope of his employment for said partners, and that by reason thereof jurisdiction over the alleged cause of action was vested solely in the Industrial Accident Commission and was without the jurisdiction of the superior court; second, a general denial of the allegations of negligence as

charged in plaintiff's complaint; and third the affirmative defense of contributory negligence.

Pursuant to a stipulation of the parties, the partnership issue was tried specially and the court found that defendant was not a partner with Harris but, to the contrary, was an employee, and therefore the superior court had jurisdiction of the cause. The issues of negligence and contributory negligence were thereafter tried by a jury which disagreed. The same issues were subsequently tried by the court which found in favor of plaintiff, and this appeal by defendant followed.

 Defendant's contention that he was a partner and not an employee is but a reargument of the evidence. The record discloses that the subcontract was in Harris' name alone, as were the workmen's compensation insurance policy, the plumbing permit, the union contract, the bank account, and the contractor's license. No partnership income tax return was ever filed. Additionally in the report of the injury filed by Harris he stated he was the employer of plaintiff and that only his employees were involved. On another occasion Harris stated that the defendant was his foreman. Also the hospital records show that defendant also reported Harris as his employer.

Under the provisions of the Uniform Partnership Act the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in that business. (Corp. Code, § 15007, subd. (4).) Necessarily, therefore, the agreement relied upon by defendant by which Harris and defendant agreed to share the profits, and which he refers to throughout as the partnership agreement, and the undisputed fact that they actually did so share the profits, established a prima facie case of the existence of the partnership. But the question as to whether or not a partnership has been created is still one of fact (*Nelson* v. *Abraham*, 29 Cal.2d 745 [177 P.2d 931]), and where, as here, there is no written agreement, proof of the partnership must be clear and convincing (*Lyon* v. *MacQuarrie*, 46 Cal.App.2d 119 [115 P.2d 594]), and the decision of the trial judge carries the same finality as in any other controverted question of fact. (*Lyon* v. *MacQuarrie, supra.*)

 As noted, the trial court, upon substantial evidence, concluded that a partnership did not exist, and hence such conclusion must be sustained on appeal. What we have heretofore said likewise disposes of the remaining contentions of

defendant since the basis therefor was the assumption by defendant of the existence of the alleged partnership.

■ Although the issue of contributory negligence was raised by the pleadings, no question in that regard has been made on appeal, and hence we assume it has been waived.

■ We find no merit in the further contention of defendant that the evidence of negligence was insufficient to support the judgment. The record, as noted by the trial court in its memorandum opinion, shows without conflict that plaintiff, as well as defendant and the other employees present, expressed a fear that the plug in the heating main was not sufficient to hold the amount of compressed air which was to be used. Plaintiff was told by defendant to secure it with wire, and shortly thereafter defendant, without checking to determine whether plaintiff had in fact completed the task, either ordered the introduction of compressed air into the main or did so personally, with the result that the plug blew out and injured plaintiff. Defendant acknowledged he knew it was dangerous to release air while anyone was working on the plug; that he had intended to see if the caps were in place, but ''he didn't do it.''

■ Additionally we note that defendant argues for the first time on appeal that since he secured the payment of compensation to plaintiff within the meaning of section 3706 of the Labor Code, he is therefore entitled to credit for all payments and benefits received by plaintiff from insurance obtained, secured or provided by the defendant. Again the basis of his contention in this regard is the same—that he was a copartner with Harris; that he was to share one-half of all expenses of the construction operation, including one-half of the premiums on the policy of workmen's compensation; and that in fact, one-half the premiums paid were deducted from the gross receipts and the net proceeds divided equally between the alleged copartners. Thus he concludes since such costs were deducted, he in effect paid one-half the premiums of the compensation policy and is entitled to a setoff. But here again he fails to consider that the court found that he was not a copartner, and the money he received at the termination of the job, his compensation, was not a sharing of the profits as a partner but was a bonus predicated on profits. Although the trial court found generally that appellant and Harris were not copartners, it made no special finding concerning appellant's alleged contribution to the workmen's compensation premiums,

nor did appellant request such a finding. Moreover, the issue of setoff was not pleaded and hence it cannot be raised for the first time on appeal.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied May 27, 1959.

*Assigned by Chairman of Judicial Council.