[No. S017856. Oct. 7, 1991.]

BERYL WEINER, Plaintiff and Appellant, v.
WILLIAM O. FLEISCHMAN et al., Defendants and Respondents.

**COUNSEL**

Kirsch & Mitchell, Jonathan L. Kirsch, Dennis Mitchell, Selvin, Weiner & Ruben, W. Ruel Walker and Arthur E. Schwimmer for Plaintiff and Appellant.

Garfield, Tepper, Ashworth & Epstein, Scott J. Tepper, Christopher Ashworth, Franklin R. Garfield, Hufstedler, Kaus & Ettinger and Otto M. Kaus for Defendants and Respondents.

Crosby, Heafey, Roach & May, Peter W. Davis, James C. Martin, Kathy M. Banke, White & Case, Paul J. Bschorr, Thomas McGanney, Richard B. Sypher and Terry L. Croghan as Amici Curiae on behalf of Defendants and Respondents.

**OPINION**

**PANELLI, J.**—The issue presented is whether the existence of an oral joint venture or partnership agreement must be established by clear and convincing evidence or by a preponderance of the evidence. We conclude that the correct standard of proof is preponderance of the evidence.

### FACTS

The underlying dispute in this case centers on the sale of stock in Pioneer Theatres. Beryl Weiner (Weiner), an attorney, represented a group of Pioneer

Theatres (Pioneer) shareholders who wished to sell their stock. Weiner also owned 100 shares of Pioneer stock. In December 1979, Weiner informed William O. Fleischman (Fleischman), also an attorney, of the group of Pioneer shareholders' interest in selling their stock. Weiner and Fleischman entered into an oral agreement whereby they would find a third party buyer of the stock and equally share the finder's fee. The parties gave conflicting testimony, however, concerning the extent of that oral agreement. Contrary to Fleischman, Weiner claimed that they had further agreed to purchase the stock together if they were unable to find a third party buyer.

In January 1980, Fleischman told Weiner that Thorne Donnelley, Jr. (Donnelley) was interested in being the sole purchaser of the Pioneer stock. Weiner's clients accepted Donnelley's written offer to purchase their Pioneer stock. Fleischman proceeded to form T.D.J. Pioneer Corporation (T.D.J. Pioneer), the initials symbolic of the prospective purchaser.

In late January 1980, a dissenting Pioneer shareholder tried to block the sale to T.D.J. Pioneer. The attempt was unsuccessful. As a result, however, Donnelley, who had not anticipated becoming involved in any litigation, withdrew from the purchase. The exact date of Donnelley's withdrawal is not contained in the record. Although Fleischman did not mention Donnelley's withdrawal at a June 2, 1980, Pioneer shareholders' meeting, he claims to have sent a letter in late May informing the shareholders, and Weiner, of Donnelley's withdrawal.

The Pioneer stock sale closed on July 14, 1980. Again, there was conflicting testimony surrounding what occurred moments before the closing of the stock sale. Weiner testified that Fleischman introduced William Warnick (Warnick) as an employee of Donnelley who would operate Pioneer after acquisition. In contrast, Fleischman claims to have introduced Warnick as his business partner.

Soon after the sale, T.D.J. Pioneer changed its name to Pioneer Theatres, Inc. (Pioneer Theatres), and the shares were reissued in the names of Fleischman and Warnick. Pursuant to their oral agreement, Weiner and Fleischman each received their share of the finder's fee.

In October 1982, Weiner read a newspaper article that named Fleischman as one of the owners of Pioneer Theatres. Weiner then filed this action in July 1983, alleging that Fleischman fraudulently concealed his participation in the Pioneer stock sale as a buyer and hence violated their alleged oral agreement.

The trial court ordered bifurcation of the alleged fraud from other issues. Upon conclusion of the trial testimony, the court instructed the jury to return a special verdict. The first question on the special verdict form read: "Did Plaintiff Beryl Weiner and Defendant William O. Fleischman have a relationship, contractual, fiduciary or other, to participate equally in the acquisition of shares of stock of Pioneer Theaters, Inc., if the opportunity of such acquisition arose, aside and apart from any agreement only to share or split the attorney's or finder's fee relative to the stock sale?" The jurors were instructed that if they answered this first question in the negative, they were to discontinue their deliberations and were not to consider the question of the alleged fraud.

At Fleischman's request, and over Weiner's objections, the jury was given "jury instruction No. 2.60" (Burden of Proof and Preponderance of Evidence) and a modified version of BAJI No. 12.35 (Fraud and Deceit—Concealment). The modified version of BAJI No. 12.35 presented the five elements necessary for a fraudulent concealment cause of action. Instruction No. 2.60 stated in part: "In this case, the plaintiff claims that he had an oral joint venture with the defendant to accomplish certain purposes. *As a threshold matter, you must find by clear and convincing evidence, first, that the plaintiff and the defendant did enter into an oral joint venture and, second, the essential terms of that joint venture.*" (Italics added.) Instruction No. 2.60 also repeated the second element of BAJI No. 12.35, that "[t]he defendant must have been under a duty to disclose the [allegedly concealed] fact to the plaintiff," with the following addition, "*[a]s noted previously, the existence of the oral joint venture and its scope must be proved by clear and convincing evidence.*" (Italics added.)[1]

---

[1]The full texts of modified BAJI No. 12.35 and jury instruction No. 2.60 given by the court are as follows:

Instruction No. 12.35:

"1. The defendant must have concealed or suppressed a material fact;

"2. The defendant must have been under a duty to disclose the fact to the plaintiff;

"3. The defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff;

"4. The plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact;

"5. And, finally, as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. You must find damage. Not the amount. In the next phase of this trial, if any, evidence on which to compute damage will be introduced."

Instruction No. 2.60:

"In this case, the plaintiff claims that he had an oral joint venture with the defendant to accomplish certain purposes. As a threshold matter, you must find by clear and convincing evidence, first, that the plaintiff and the defendant did enter into an oral joint venture and, second, the essential terms of that joint venture.

"If the existence and scope of any oral joint venture is proved by clear and convincing evidence, then, thereafter, the plaintiff has the burden of proving, by a preponderance of the evidence, all of the facts necessary to establish the existence of fraud by intentional

On a vote of nine to three, the jury returned a special verdict finding, inter alia, no oral joint venture or other relationship between Weiner and Fleischman. A motion for new trial was denied. Weiner appealed. The Court of Appeal reversed and remanded for a new trial, holding that the trial court erred in instructing the jury that the existence of the oral joint venture agreement had to be proved by clear and convincing evidence. We granted Fleischman's petition for review to determine the correct standard of proof for establishing an oral joint venture or partnership.[2]

## DISCUSSION

■ A joint venture is "an undertaking by two or more persons jointly to carry out a single business enterprise for profit. [Citations.]" (*Nelson v. Abraham* (1947) 29 Cal.2d 745, 749 [177 P.2d 931].) "Like partners, joint venturers are fiduciaries with a duty of disclosure and liability to account for profits." (9 Witkin, Summary of Cal. Law (9th ed. 1989) Partnership, § 19, p. 418.)

The distinction between joint ventures and partnerships is not sharply drawn. A joint venture usually involves a single business transaction, whereas a partnership may involve "a continuing business for an indefinite or fixed period of time." (9 Witkin, Summary of Cal. Law, Partnership, *supra*, § 17, at p. 416, italics deleted.) Yet a joint venture may be of longer duration and greater complexity than a partnership. From a legal standpoint, both relationships are virtually the same. Accordingly, the courts freely apply partnership law to joint ventures when appropriate. (*Orlopp v. Willardson Co.* (1965) 232 Cal.App.2d 750, 754 [43 Cal.Rptr. 125].) A joint venture or partnership may be formed orally (*Nelson v. Abraham, supra*, 29 Cal.2d at p. 749; *Sly v. Abbott* (1928) 89 Cal.App. 209, 216 [264 P. 507]), or "assumed

---

concealment. To do so, the plaintiff must prove all of the following elements by a preponderance of the evidence, except on those certain issues that I instruct you require a higher burden of proof:

"1. That the defendant must have concealed or suppressed a material fact;

"2. The defendant must have been under a duty to disclose the fact to the plaintiff. As noted previously, the existence of the oral joint venture and its scope must be proved by clear and convincing evidence;

"3. The defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff;

"4. The plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact;

"5. And, finally, as a result of the concealment or suppression of the fact, the plaintiff must have sustained damages."

[2]Because the trial court has not yet reached the issue, we do not address Fleischman's claim that Weiner's relationship with his clients rendered any agreement between Weiner and Fleischman unenforceable on grounds of illegality.

to have been organized from a reasonable deduction from the acts and declarations of the parties." (*Swanson* v. *Siem* (1932) 124 Cal.App. 519, 524 [12 P.2d 1053].)

Both the trial court and the Court of Appeal determined that before the issue of fraud by concealment could be raised, Weiner had to establish the existence of some type of legal relationship giving rise to a duty to disclose. ■ "Although material facts are known to one party and not the other, failure to disclose them is ordinarily not actionable fraud unless there is some fiduciary relationship giving rise to a duty to disclose." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 697, p. 799; *Swanson* v. *Siem, supra,* 124 Cal.App. at p. 523 [Before a partner may be charged, a prima facie showing of the copartnership should first be established.].)

The trial court, in considering what would be proper jury instructions, did not determine the existence or nature of any relationship between Weiner and Fleischman. The court determined, however, that Weiner had proceeded to trial solely on an oral agreement or oral joint venture theory. Accordingly, the trial court left to the jury, by way of a response to the request for a special verdict, the determination of whether such an oral joint venture agreement existed. The court instructed the jury to first determine by "clear and convincing" evidence whether in fact a relationship existed between Weiner and Fleischman.

■ The general rule in this state is that "[i]ssues of fact in civil cases are determined by a preponderance of testimony." (*Liodas* v. *Sahadi* (1977) 19 Cal.3d 278, 288 [137 Cal.Rptr. 635, 562 P.2d 316], citing *Ford* v. *Chambers* (1861) 19 Cal. 143, 144.) Evidence Code section 115 (section 115) provides in pertinent part: "The burden of proof may require a party to raise a reasonable doubt concerning the existence or nonexistence of a fact or that he establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt. [¶] *Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.*" (Italics added.) "Law," as referenced in section 115, includes "constitutional, statutory, and decisional law." (Evid. Code, § 160.) ■ In light of section 115, we must determine whether constitutional, statutory or decisional law (i.e., case law) requires a burden of proof higher than preponderance of the evidence to establish an oral joint venture or partnership.

None of the parties asserts, and we find no evidence, that constitutional law dictates a higher standard of proof on the issue of the existence of an oral joint venture or partnership agreement. Hence, we turn our attention first to statutory law. As Fleischman correctly notes, sections of many of our

codes require that proof of an issue of fact must be by a higher degree of proof than preponderance of the evidence. For example, in 1987 the Legislature amended Civil Code section 3294 to provide that punitive damages could be assessed only "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice. . . ." (Stats. 1987, ch. 1498, § 5, p. 5780.) Similarly, the Probate Code requires that agreements to make a trust must be established by clear and convincing evidence. (Prob. Code, § 15207.)

Significantly, however, no California statute requires that an oral joint venture or partnership agreement must be established by clear and convincing evidence. Since statutory law does not provide the answer, we must look to case law to determine whether a higher degree of proof is required.

 While it is clear that case law may, in some instances, suggest a higher burden of proof than preponderance of the evidence is required, we have stated as a general principle that "judicial expressions purporting to require clear and convincing [or clear and satisfactory] evidence must be read in light of the statutory provision for proof by a preponderance of the evidence . . . . [Citations.]" (*Liodas v. Sahadi, supra*, 19 Cal.3d at p. 289, fn. 6.) In light of this principle, the Court of Appeal concluded that our case law does not require clear and convincing evidence to prove the existence of an oral joint venture or partnership agreement. We agree.

As the Court of Appeal correctly recognized, we have never held that the existence of an oral joint venture or partnership agreement must be established by clear and convincing evidence. *Welch v. Alcott* (1921) 185 Cal. 731 [198 P. 626], on which Fleischman relies, merely noted that the defendant had cited authorities to support the proposition that proof of an oral partnership agreement had to be "*clear,*" a principle with which *Welch* expressed agreement. (*Id.* at p. 742, italics added.) In light of section 115, we do not believe that this language in *Welch* should be interpreted as holding that a "clear and convincing" burden of proof is required.

Fleischman contends that *Cameron v. Crocker-Citizens Nat. Bank* (1971) 19 Cal.App.3d 940 [97 Cal.Rptr. 269], and *Liodas v. Sahadi, supra*, 19 Cal.3d 278, state that "clear proof" is merely a variant of the "clear and convincing" standard of proof. However, *Cameron*, which involved an oral contract to make a will, did not hold that "clear proof" and "clear and convincing proof" were equivalent standards. Rather, the court simply noted that English precedents permitted the enforcement of oral contracts to make a will "upon clear proof" of their execution. (*Cameron v. Crocker-Citizens Nat. Bank, supra*, 19 Cal.App.3d at p. 943.) Similarly, *Liodas* noted that some Court of Appeal cases in civil fraud actions had required proof of fraud

by " 'clear and convincing evidence,' or a variant of that standard." (*Liodas* v. *Sahadi, supra,* 19 Cal.3d at p. 287 & fn. 4.) *Liodas* itself held that the proper standard of proof in civil fraud actions is preponderance of the evidence. (*Id.* at p. 286.) Neither *Cameron* nor *Liodas,* therefore, supports the proposition that "clear proof" is necessarily equivalent to "clear and convincing evidence."

Concededly, certain appellate decisions have stated that proof of an oral joint venture or partnership agreement must be by clear and convincing evidence. (See *Sullivan* v. *Schellinger* (1959) 170 Cal.App.2d 111, 113 [338 P.2d 462] ["where, as here, there is no written agreement, proof of the partnership must be clear and convincing"]; accord, *Smalley* v. *Baker* (1968) 262 Cal.App.2d 824, 839 [69 Cal.Rptr. 521]; *Lyon* v. *MacQuarrie* (1941) 46 Cal.App.2d 119, 124 [115 P.2d 594].) The *Smalley* court cited *Sullivan, supra,* as authority regarding the requisite burden of proof, and the *Sullivan* court cited to *Lyon, supra. Lyon,* in turn, cited to *Welch* v. *Alcott, supra,* 185 Cal. 731, *Swanson* v. *Siem, supra,* 124 Cal.App. 519, and *Blinn* v. *Ritchie* (1929) 101 Cal.App. 691 [282 P. 390].

When this trail of citations is traced and the cases analyzed, the proposition that clear and convincing evidence is required loses much of its persuasiveness. Largely for this reason, the Court of Appeal in this case was not inclined to follow the cases calling for clear and convincing evidence as the standard of proof. For example, *Swanson* v. *Siem, supra,* stated only that the existence of oral partnerships need be proved by "competent evidence." (*Swanson* v. *Siem, supra,* 124 Cal.App. at p. 523.) In *Blinn* v. *Ritchie, supra,* the court stated that there was no finding that a copartnership existed between the parties, nor was there "competent evidence in the record to sustain such a finding. . . ." (*Blinn* v. *Ritchie, supra,* 101 Cal.App. at p. 692.) The *Blinn* court reasoned that "a contract of copartnership must be proved in the same manner that any other contract must be established." (*Id.* at p. 693.) Significantly, Fleischman does not contend that an oral contract must be established by clear and convincing evidence. *Welch,* as seen above, merely stated that there must be "clear proof." (*Welch* v. *Alcott, supra,* 185 Cal. at p. 742.)

We recognize that other Court of Appeal cases have also indicated that an oral joint venture or partnership should be established by clear and convincing evidence. But these cases either cite to the cases discussed above (i.e., *Sullivan, Smalley* and *Lyon*) (see *ABC Egg Ranch* v. *Abdelnour* (1963) 223 Cal.App.2d 12, 15-16 [35 Cal.Rptr. 487] [citing *Lyon* v. *MacQuarrie, supra,* 46 Cal.App.2d 119]), or are based, like *Sullivan, Smalley* and *Lyon,* on cases that do not stand for the proposition for which they are cited. (See *Coronet Constr. Co., Inc.* v. *Palmer* (1961) 194 Cal.App.2d 603, 611 [15 Cal.Rptr.

601] [citing to *Milstein v. Sartain* (1943) 56 Cal.App.2d 924, 932 [133 P.2d 836], which states that the burden is upon the one asserting the existence of a copartnership to prove it by "competent evidence"].)

Fleischman also relies on *Tannehill v. Finch* (1986) 188 Cal.App.3d 224 [232 Cal.Rptr. 749] and *Toney v. Nolder* (1985) 173 Cal.App.3d 791 [219 Cal.Rptr. 497] to support a higher burden of proof. These cases, however, are inapposite because they involved attempts to rebut the legal and beneficial title to real property and were expressly decided under the authority of Evidence Code section 662. Evidence Code section 662 provides: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." Although Weiner's original complaint stated other causes of action, the case proceeded to trial solely as an action for damages for fraudulent concealment. Consequently, the trial did not involve an effort to rebut the legal or beneficial title to property.

In summary, we believe that the decisional law does not justify or require a departure from the ordinary civil standard of "preponderance of the evidence" when a party seeks to establish the existence and scope of an oral joint venture or partnership agreement.

We note that our determination that preponderance of the evidence is the correct standard for establishing an oral joint venture or partnership agreement appears to be consistent with the decisions of a majority of other states that have considered this question.[3] Several other large jurisdictions have

[3] A search indicates that of the 24 states other than California that have indicated their choice of standard of proof for an oral partnership or oral joint ventures, 19 expressly or apparently use the "preponderance" standard. This group of states includes: Alabama (*McCrary v. Butler* (Ala. 1989) 540 So.2d 736, 739); Arizona (*Tripp v. Chubb* (1949) 69 Ariz. 31 [208 P.2d 312, 314]); Arkansas (*Carroll v. Kessinger* (1957) 228 Ark. 450 [307 S.W.2d 880, 882]); Delaware (*Thomas v. King* (1953) 34 Del.Ch. 160 [99 A.2d 778, 779]); Florida (*Trickey v. Stone* (Fla.Dist.Ct.App. 1963) 152 So.2d 748, 750); Illinois (*Cline v. Cline* (1956) 12 Ill.App.2d 231 [139 N.E.2d 828, 831]); Iowa (*Fowler v. Berry Seed Co.* (1957) 248 Iowa 1158 [84 N.W.2d 412, 415-416]); Kansas (*Liberty Glass Co. v. Bath* (1960) 187 Kan. 54 [353 P.2d 786, 788]; *Grannell v. Wakefield* (1952) 172 Kan. 685 [242 P.2d 1075, 1079]); Louisiana (*Knighton v. Beckham* (La.Ct.App. 1963) 154 So.2d 232, 235); Michigan (*Lobato v. Paulino* (1943) 304 Mich. 668 [8 N.W.2d 873, 874]); Montana (*Antonick v. Jones* (1989) 236 Mont. 279 [769 P.2d 1240, 1244-1245]); New York (*Kahn v. Kahn* (1957) 3 A.D.2d 820 [160 N.Y.S.2d 972, 973]; *Hanlon v. Melfi* (1979) 102 Misc.2d 170 [423 N.Y.S.2d 132, 134]); Ohio (*Tanski v. White* (1952) 92 Ohio App. 411 [109 N.E.2d 319, 325]); Oklahoma (*Katnig v. Johnson* (Okla. 1963) 383 P.2d 195, 201-202); Oregon (*Bernard v. Vatheuer* (1987) 303 Ore. 410 [737 P.2d 128, 131]); Pennsylvania (*Barbet v. Ostovar* (1979) 273 Pa.Super. 256 [417 A.2d 636, 638, 641]; *Huron v. Schomaker* (1936) 123 Pa.Super. 82 [185 A. 859]); South Dakota (*Insurance Agents, Inc. v. Zimmerman* (S.D. 1986) 381 N.W.2d 218, 222 [dis. opn. of Hertz, Acting J.]); Texas (*Visage v. Marshall* (Tex.Ct.App. 1982) 632 S.W.2d 667, 672; *First*

come to the same ultimate conclusion, including New York (*Kahn* v. *Kahn, supra*, 3 A.D.2d 820 [160 N.Y.S.2d 972, 973] ["The burden of establishing the existence of this oral partnership by a fair preponderance of the credible evidence rests upon the [party asserting its existence]."]); Pennsylvania (*Huron* v. *Schomaker, supra*, 123 Pa.Super. 82 [185 A. 859] ["The burden of proving, by a fair preponderance of the evidence, a partnership and the liability of the defendant rested upon the [party asserting this oral agreement]."]); and Florida (*Trickey* v. *Stone, supra*, 152 So.2d 748, 750 ["We, therefore, hold that the chancellor should, in determining the quantum of proof necessary for the plaintiff to sustain his complaint [based on an oral partnership agreement] adhere to the preponderance of the evidence rule."]).

Fleischman contends that the gravity of the consequences flowing from a finding that an oral joint venture or partnership agreement exists compels a conclusion that such an agreement must be established by clear and convincing evidence. We disagree. ■ In *Addington* v. *Texas* (1979) 441 U.S. 418, 423 [60 L.Ed.2d 323, 329, 99 S.Ct. 1804], the United States Supreme Court stated: "The function of a standard of proof . . . is to 'instruct the factfinder concerning the degree of confidence our society thinks [the factfinder] should have in the correctness of factual conclusions for a particular type of adjudication.' [Citation.] The standard serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." We have noted that the standard of proof may depend upon the "gravity of the consequences that would result from an erroneous determination of the issue involved." (*People* v. *Jimenez* (1978) 21 Cal.3d 595, 604 [147 Cal.Rptr. 172, 580 P.2d 672].)

■ Proof by clear and convincing evidence is required "where particularly important individual interests or rights are at stake," such as the termination of parental rights, involuntary commitment, and deportation. (*Herman & MacLean* v. *Huddleston* (1983) 459 U.S. 375, 389 [74 L.Ed.2d 548, 560, 103 S.Ct. 683].) However, "imposition of even severe civil sanctions that do not implicate such interests has been permitted after proof by a preponderance of the evidence." (*Id.* at pp. 389-390 [74 L.Ed.2d at p. 560], citing cases involving proof in civil suits of acts that expose a party to

*Nat. Bank of Amarillo* v. *Bauert* (Tex.Ct.App. 1981) 622 S.W.2d 464, 467-468); and Washington (*Ocean View Land, Inc.* v. *Wineberg* (1965) 65 Wn.2d 952 [400 P.2d 319]; *Eder* v. *Reddick* (1955) 46 Wn.2d 41 [278 P.2d 361, 365]).

The five states found in the search that expressly or apparently use the "clear and convincing" standard are: Alaska (*Innes* v. *Beauchene* (Alaska 1962) 370 P.2d 174, 179 [dis. opn. of Arend, J.]); Missouri (*Nesler* v. *Reed* (Mo.Ct.App. 1985) 703 S.W.2d 520, 523); Nebraska (*Evertson* v. *Cannon* (1987) 226 Neb. 370 [411 N.W.2d 612, 625]); New Jersey (*Friedlander* v. *Friedlander* (1948) 142 N.J.Eq. 3 [58 A.2d 782, 788]); and Tennessee (*Tidwell* v. *Walden* (1959) 205 Tenn. 705 [330 S.W.2d 317, 319]).

criminal prosecution or disbarment.) As the United States Supreme Court stated: "A preponderance-of-the-evidence standard allows both parties to 'share the risk of error in roughly equal fashion.' [Citation.] Any other standard expresses a preference for one side's interests." (*Id.* at p. 390 [74 L.Ed.2d at p. 561].)

■ Fleischman lists a series of grave consequences that a defendant might suffer from an erroneous determination that an oral joint venture or partnership agreement exists. However, for each of the serious consequences Fleischman lists, an equally serious loss of rights would result to a plaintiff from an erroneous determination that the partnership did not exist. This balance of interests supports the use of the preponderance of the evidence standard.

Furthermore, all of the grave consequences listed by Fleischman can result as well from a finding of an oral contract or an oral authorization of agency, both of which can be proved by a preponderance of the evidence. For instance, an agency can be established based on oral communications (*Magnecomp Corp.* v. *Athene Co.* (1989) 209 Cal.App.3d 526, 536 [257 Cal.Rptr. 278]), and the agent can subject the principal to individual liability and indemnity claims based upon the agent's conduct or omissions (*Warshauer* v. *Bauer Construction Co.* (1960) 179 Cal.App.2d 44, 48 [3 Cal.Rptr. 570]; Civ. Code, § 2338). Indeed, even where a contract has been solemnized by a writing, an oral modification of that written contract may be proved by a preponderance of the evidence. (*Barrett* v. *Bank of America* (1986) 183 Cal.App.3d 1362, 1370-1371 [229 Cal.Rptr. 16].)

We recognize that the consequences of finding an oral joint venture or partnership agreement may be serious. However, the serious consequences flowing from a finding that a contract of any kind exists, be it oral or written, are not a sound basis for requiring a higher or lower burden of persuasion. While an oral contract may be easier to create than a written contract, and the precise terms of an oral contract may suffer from the faulty memories of the parties, *all* oral contracts suffer from these disabilities. We find no compelling reason to assign a higher burden of proof to partnerships or joint venture agreements than any other oral contract. (Accord *Bernard* v. *Vatheuer, supra,* 303 Ore. 410 [737 P.2d 128, 130].)

Fleischman seeks to draw an analogy between oral joint venture or partnership agreements and other areas of the law where courts have traditionally required clear and convincing evidence. As examples, Fleischman cites oral agreements to make wills, allegations that deeds absolute are actually mortgages, that conveyances are subject to a trust, or that property whose title was held by one person was owned in full or in part by another,

and oral agreements to create a trust of personalty. We believe that each of these areas of the law is distinguishable from oral joint venture or partnership agreements.

Oral agreements to make wills are disfavored because such claims arise after the testator, one of the parties to the oral agreement, is deceased or incapacitated. (*Crail* v. *Blakely* (1973) 8 Cal.3d 744, 750 [106 Cal.Rptr. 187, 505 P.2d 1027].) Such concerns generally do not apply to oral partnership agreements, since the person to be bound by the alleged agreement will generally be present to rebut the plaintiff's testimony.

Allegations that deeds absolute are actually mortgages, that conveyances are subject to a trust, and that legal title does not represent beneficial ownership have also been historically disfavored because society and the courts have a reluctance to tamper with duly executed instruments and documents of legal title. (See *Herman & MacLean* v. *Huddleston, supra,* 459 U.S. at p. 388, fn. 27 [74 L.Ed.2d at p. 559]; *Liodas* v. *Sahadi, supra,* 19 Cal.3d at p. 287; Evid. Code, § 662.) We are aware of no comparable body of evidence showing historical legal disfavor directed to damage suits based on oral partnership agreements, suits that do not necessarily rebut legal or beneficial title to property.

Finally, the higher burden of proof required to prove oral trusts of personal property is derived from the special care that courts have historically shown in recognizing the creation of trusts. The law has shown such care because of special concerns that the terms of the trust specify the information needed for courts to deal with the trust, such as the identification of the trust property and purpose, the beneficiaries and trustees, and any special administrative provisions. (Recommendation Proposing Trust Law (Dec. 1985) 18 Cal. Law Revision Com. Rep. (1986) p. 525.) In addition, the creation of trusts, unlike the creation of oral partnerships, has long been governed by highly specific case law and statutes, reflecting trusts' closely regulated character. (See, e.g., Prob. Code, §§ 15200-15210.) Thus, oral partnership agreements are distinguishable from other areas of the law in which courts, because of historical and pervasive legal protection or skepticism, have traditionally required the "clear and convincing evidence" burden of proof.[4]

---

[4]In holding that an oral joint venture or partnership agreement may be established by a preponderance of the evidence, it is important to note what this opinion does not hold. Contrary to the suggestion of Weiner, our decision is not compelled by our holding in *Liodas* v. *Sahadi, supra,* 19 Cal.3d 278. *Liodas,* in holding that the proper standard of proof in civil fraud actions is preponderance of the evidence, did not disapprove of the clear and convincing standard of proof in all civil cases. In fact, *Liodas* noted that under section 115, the clear and convincing evidence standard is "an alternative" standard of proof that "is required on certain issues" by statute or by case law. (19 Cal.3d at p. 291.) (Italics omitted.) The trial court in this

In conclusion, we find that nothing in our constitutional, statutory or case law requires a departure from the ordinary civil standard of preponderance of the evidence when a party seeks to establish the existence and scope of an oral joint venture or partnership agreement. We similarly find no reason why proof of a joint venture or partnership agreement should be subject to any higher standard of proof than any other ordinary oral contract in a civil dispute. Accordingly, the trial court erred by instructing the jury that Weiner had to establish the existence and scope of any oral joint venture or partnership agreement by clear and convincing evidence.

■ Article VI, section 13 of the California Constitution provides that error in instructing the jury shall be grounds for reversal only when the reviewing court, "after an examination of the entire cause, including the evidence," concludes that the error "has resulted in a miscarriage of justice." The test of reversible error has been stated in terms of the likelihood that the improper instruction misled the jury. (See *Henderson* v. *Harnischfeger Corp.* (1974) 12 Cal.3d 663, 670 [117 Cal.Rptr. 1, 527 P.2d 353].) Hence, we must determine whether it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) While there is no precise formula for determining the prejudicial effect of instructional error, we are guided by the five factors enumerated in *LeMons* v. *Regents of University of California* (1978) 21 Cal.3d 869, 876 [148 Cal.Rptr. 355, 582 P.2d 946].

■ The first factor we consider is the degree of conflict in the evidence on the critical issue, here the existence of an oral joint venture or partnership. As the trial court itself acknowledged, the evidence was sharply conflicting on this issue. In fact, it was precisely this sharp conflict that led the trial court to instruct the jury that they must first determine whether such an agreement existed before they could consider the issue of fraudulent concealment. The clear and convincing standard of proof is an exacting standard. When there is sharply conflicting evidence, as in this case, it is very difficult for a party to meet this high standard. If the jury had been instructed that they need only find the existence of this agreement by a preponderance of the evidence, they may well have reached a different result.

Second, we consider whether the jury asked for a rereading of the erroneous instruction or of related evidence. During the deliberations, the

case determined that before the issue of fraud could be considered by the jury, the jury had to determine if there was a "relationship" between Weiner and Fleischman. *Liodas* did not address the question of the proper standard of proof on predicate issues that must be determined in a civil fraud action.

jury requested three readbacks regarding Fleischman's testimony of Weiner's possible participation in Donnelley's Pioneer offer, Weiner and Fleischman's testimony of the alleged Pioneer oral agreement, and Weiner and Fleischman's testimony on a prior oral agreement between the parties on a separate business venture. The court denied the requests because the portions of testimony might have fostered a different meaning when taken out of context. A fourth readback request concerning Fleischman's testimony as to his desire or intention to buy Pioneer stock was granted.

Third, we analyze the closeness of the jury's verdict. The jury returned a nine-to-three special verdict against Weiner finding, inter alia, no oral joint venture or other relationship between Weiner and Fleischman. This verdict indicates that instructions including a preponderance of the evidence standard, rather than a clear and convincing evidence standard, could have been critical.

Fourth, we consider the emphasis on the erroneous instruction in argument to the jury. The record indicates that Fleischman did emphasize the erroneous instruction in his argument to the jury.

Finally, we consider the effect of other instructions in remedying the error. Clearly, no other instructions of the trial court cured this error. Both instructions on this issue explicitly stated that the jury was to use the clear and convincing evidence standard.

Based on the foregoing factors, it is reasonably probable that a result more favorable to Weiner would have been reached if the jury had been properly instructed on the burden of proof. The trial court's error was, therefore, prejudicial and the Court of Appeal was correct to remand for a new trial.

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.