Filed 9/19/14  Alana P. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALANA P.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Real Party in Interest. | F069677<br><br>(Super. Ct. No. 13CEJ300265)<br><br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary Dolas, Commissioner.

Alana P., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel Cederborg, County Counsel, and Amy K. Cobb, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*] Before Kane, Acting P.J., Franson, J. and Peña, J.

Alana P., in propria persona, seeks extraordinary writ review (Cal. Rules of Court, rules 8.450-8.452) of the juvenile court's orders issued at a contested six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[1] terminating reunification services as to her three-year-old son, U.P., and one-year-old son, T.P., and setting a section 366.26 hearing.

Alana challenges the juvenile court's order terminating the reunification services of the children's father, Troy.[2] She also asserts that she was not present at the hearing. We conclude she lacks standing to challenge the juvenile court's order as to Troy. We further conclude Alana fails to assert juvenile court error, rendering her writ petition facially inadequate for review. Consequently, we dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Alana and Troy are the parents of U.P. and T.P., the subjects of this writ petition. In August 2013, Alana tested positive for methamphetamine, heroin, methadone and marijuana while in the hospital giving birth to T.P. T.P. was transferred to the neonatal intensive care unit of another hospital, suffering from withdrawal symptoms.

Alana told a social worker from the Fresno County Department of Social Services (department) that she had been using heroin on and off for the previous 10 years, including while she was pregnant with T.P. Troy disclosed that he also used heroin during Alana's pregnancy.

Alana and Troy agreed to participate in voluntary family maintenance services, which required them to immediately enter into inpatient substance abuse treatment. T.P. remained in the hospital and U.P. was placed in the care of his maternal grandmother.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Troy also filed a writ petition, which is pending before this court (F069759).

2

Alana and Troy, however, did not enter treatment and appeared to be under the influence of drugs while visiting T.P. Consequently, the department took custody of then two-year-old U.P. and newborn T.P. and filed a dependency petition on their behalf.

The juvenile court adjudged the children its dependents, and in December 2013, ordered Alana and Troy to complete inpatient substance abuse treatment and parenting classes, participate in mental health services, and submit to random drug testing. The children were placed together in a foster home.

By January 17, 2014, Troy had completed inpatient drug treatment and was enrolled in aftercare. He also completed a parenting class and a mental health assessment, was participating in group and individual therapy, and regularly visiting the children. However, on January 30, 2014, Troy appeared in a Nevada courtroom for drug-related charges filed prior to the department's involvement. He was taken into custody immediately following the hearing and sentenced to 18 months in state prison.

Alana was also arrested on an outstanding warrant in June 2014. However, unlike Troy, she did not participate in her court-ordered services. Prior to her arrest, she unsuccessfully attempted inpatient treatment three times at three separate programs. She was discharged for such infractions as using drugs on the property, tampering with her drug screen tests, and engaging in altercations with other clients. In addition, she did not regularly visit the children in between drug treatment programs. She subsequently entered a fourth drug treatment program, but was discharged in late June 2014, after testing positive for opiates.

In its report for the six-month review hearing, the department recommended the juvenile court terminate Alana and Troy's reunification services and set a section 366.26 hearing.

In July 2014, the juvenile court conducted a contested six-month review hearing. Neither Alana nor Troy appeared. Alana's attorney advised the juvenile court that Alana had not been in contact with her office. Troy's attorney advised the juvenile court that

3

she sent Troy a letter at the prison but had not received a response. Both attorneys objected to the department's recommendation but did not present any evidence.

At the conclusion of the hearing, the juvenile court found that proper notice was given. As to Alana, the juvenile court stated that Alana was present at the settlement hearing and ordered to appear.

The juvenile court terminated Alana and Troy's reunification services and set a section 366.26 hearing.

This petition ensued.

## DISCUSSION

Alana informs this court in her writ petition that she is appealing the juvenile court's decision because Troy was in compliance with his services plan until he was arrested in Nevada. She also asserts that she was not present at the six-month review hearing to object to the termination of her parental rights.

We dismiss Alana's petition because as we explain she does not have standing to challenge the juvenile court's order terminating Troy's reunification services and because her petition fails to otherwise allege error.

In juvenile proceedings, only a party aggrieved by an order has standing to appeal. (*In re Harmony B*. (2005) 125 Cal.App.4th 831, 837.) The appellant must establish he or she is an aggrieved party to obtain an on-the-merits review of a particular ruling. (*In re Carissa G*. (1999) 76 Cal.App.4th 731, 734.) "To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision." (*Ibid.*) "'Whether one has standing in a particular case generally revolves around the question whether that person has rights that may suffer some injury, actual or threatened.'" (*Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1034.)

Alana does not have standing to challenge the juvenile court's termination of Troy's reunification services because she was not aggrieved. In other words, she was not harmed by it; it did not deny her any rights with respect to her children. This is so

4

because reunification services are not a right; they are a benefit. (*In re Alanna A.* (2005) 135 Cal.App.4th 555, 563.) Nevertheless, a parent has a fundamental right to the companionship, care and custody of his or her own child and the termination of reunification services places that right at risk. (*In re. B.G.* (1974) 11 Cal.3d 679, 688.) Indeed, once reunification services are terminated, the parental right is subordinated to the child's need for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309-310.) This parental right, however, is not a shared right between parents. It is a separately held right by each parent. (See *Weiner v. Fleischman* (1991) 54 Cal.3d 476, 487.) Consequently, Alana is only aggrieved by those actions of the juvenile court that adversely affect her parental rights; not those of Troy. Therefore, she does not have standing to challenge the juvenile court's order terminating Troy's reunification services.

Further, Alana has failed to show that her absence at the six-month review hearing was the fault of the juvenile court. An extraordinary writ petition brought before the Court of Appeal enables a party to obtain expeditious review of the juvenile court's decision to set a section 366.26 hearing. (See Cal. Rules of Court, rules 8.450-8.452.)

In this case, Alana does not contend the juvenile court erred in making any of its decisions as to her at the setting hearing. Rather, she merely states that she was not present. In the absence of a claim of juvenile court error, we will dismiss a juvenile writ petition as facially inadequate for review.

Further, even if, for the sake of argument, we construed Alana's assertion as challenging the juvenile court's finding that notice was proper, we would find no error. According to the record, Alana was present at the settlement hearing on June 25, 2014, when the juvenile court confirmed the date of the six-month review hearing. In addition, she received written notice of the hearing. Consequently, she cannot now claim that she was not given notice.

## DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is final forthwith as to this court.