**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUSTIN RAMIREZ; ANTHONY RAMIREZ; AGUSTIN RAMIREZ, Jr., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> MARIO SOTELO; RICARDO TARAZON; ARTURO BELTRAN; JORGE GUZMAN, <br><br> Defendants - Appellants, <br><br> and <br><br> JUAN ANTONIO SOTELO, <br><br> Defendant. | No. 14-55571 <br><br> D.C. No. 5:13-cv-02155-SJO-MRW <br> Central District of California, Riverside <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Cental District of California
S. James Otero, District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior District Judge.[**]

Mario Sotelo appeals the district court's issuance of a preliminary injunction prohibiting him from using the name "Los Caminantes" or any similar form of the name. Sotelo argues that he was a partner in the band known as Los Caminantes pursuant to California law and that plaintiff Agustin Ramirez holds the trademark in constructive trust for the former partnership. We review a district court's grant of a preliminary injunction for abuse of discretion. *Herb Reed Enters. LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). The district court must support a preliminary injunction with findings of fact, which we review for clear error. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007). We review a district court's conclusions of law de novo. *Id.*

Because Sotelo did not offer any evidence beyond his declaration to show that he was a partner in Los Caminantes, *see Weiner v. Fleischman*, 816 P.2d 892, 897 (Cal. 1991), and Ramirez offered evidence to the contrary, the district court properly concluded that Ramirez demonstrated a likelihood of success on the merits. Moreover, the district court did not clearly err in concluding that Sotelo's continued use of the Los Caminantes mark would irreparably harm its reputational

---

[**] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

2

value.  *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 422 F.3d 782, 795 (9th Cir. 2005).  Furthermore, because the district court did not err in finding that Ramirez is likely to show that Sotelo was not a partner in Los Caminantes, Sotelo's corresponding balance of equities argument also fails.  Finally, Sotelo does not argue on appeal that Ramirez has failed to show that the public interest favors a preliminary injunction.  Therefore, any argument based on this factor is waived.  *See Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 917–18 (9th Cir. 2014).  In sum, the district court did not abuse its discretion in entering a preliminary injunction against Sotelo and, accordingly, we affirm.

**AFFIRMED**.