Filed 5/21/15 Central Hotel Trust 90021 v. Just In Time Enterprises CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION EIGHT

| | |
|---|---|
| CENTRAL HOTEL TRUST 90021, | B251879 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC475285) |
| JUST IN TIME ENTERPRISES, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Barbara Scheper, Judge. Reversed in part and affirmed in part.

Law Offices of Michael Carter Smith and Michael C. Smith for Plaintiff and Appellant.

GP Law Group and Manee Pazargad for Defendants and Respondents.

\* \* \* \* \* \* \* \* \* \*

This is an appeal from the sustaining of a demurrer without leave to amend. Plaintiff Central Hotel Trust 90021 sued defendants Just in Time Enterprises, LLC and its CEO Justin Hall. The operative second amended complaint alleged causes of action for breach of fiduciary duty, declaratory relief, fraud, and constructive fraud as to defendant Hall in his individual capacity. The trial court sustained defendant Hall's demurrer without leave to amend, reasoning the complaint did not state any basis for individual liability. Finding that the contract between plaintiff and the limited liability company (LLC) defendant belies any claim of a joint venture partnership with Hall as an individual, we affirm the judgment as to the breach of fiduciary duty and constructive fraud causes of action. However, we find the claim for fraud is adequately pled, and therefore reverse as to that cause of action only.

## BACKGROUND

On December 14, 2011, plaintiff sued defendants for breach of a joint venture agreement, breach of fiduciary duty, quiet title, declaratory relief, resulting or constructive trust, fraud and deceit, and constructive fraud. Plaintiff entered an agreement with defendant Just In Time for the purpose of purchasing properties at a Los Angeles County public tax auction on October 17 and 18, 2011. The agreement was signed on behalf of plaintiff by its general manager, Sean Kojoori, and on behalf of Just in Time by its CEO, defendant Hall.[1] All of the causes of action were stated against both of the defendants, including the contract claim, even though the agreement was signed by defendant Just in Time, and not defendant Hall in his individual capacity.

The agreement contemplated that the properties would be developed and sold within one year. Under the agreement, plaintiff was to invest $50,000 in Just in Time in exchange for a 50 percent interest in the properties purchased at the tax sale. Defendant Hall represented that the other half of the purchase funds would be provided by additional

---

[1]    We grant plaintiff's request that we take judicial notice of the Statement of Information filed with the Secretary of State for Just in Time, demonstrating Hall's authority to act on behalf of the LLC.

investors.  However, only $20,000 was contributed by other investors, and at Hall's request, plaintiff invested another $10,000.  The parties' written contract was not modified or amended to reflect this additional investment.  Based on the pro rata contributions by all of the investors, plaintiff believed its interest in the tax sale properties to be 75 percent, although Hall refused to amend the contract to reflect this interest.

Defendant Hall purchased 10 properties at the tax sale.  Consistent with the parties' agreement, title to the properties was held by defendant Just in Time.  At the same auction, plaintiff's general manager also purchased some properties.  On October 25, 2011, after the properties had been paid for, plaintiff's general manager met with Hall to inspect the properties.  Defendant Hall would not allow the inspections to proceed, falsely claiming that plaintiff owed Hall a $150,000 consulting fee, representing 15 percent of the "purely speculative" profit to be made on the properties purchased at the tax sale.  Hall demanded payment of the "fictitious" consulting fee, or that plaintiff relinquish its interest in the parties' joint venture properties.  Plaintiff alleged Hall had never been retained as a consultant.

The parties' contract was appended to the complaint.  It was captioned "Investment Receipt and Summary."  The agreement recited that Just In Time was formed to purchase properties at the October 17 and 18, 2011 tax auction, and that its primary objective was to purchase and develop properties, with the goal of selling them within one year for a profit.  The agreement acknowledged that "Just in Time . . . has received an investment of $50,000 from [plaintiff]."  As a consequence, plaintiff acquired "50% equity ownership in all real properties purchased" at the tax auction by defendant Just in Time.  Defendant Just in Time would recover its administrative and development expenses after the sale of the properties.  The agreement provided, "[t]here are no guarantees expressed or implied within this agreement or the real estate market as a whole.  All projections and objectives are based exclusively on current market trends and the studied successes, past and present by the Company's CEO Justin Hall.  Both parties agree that all investments are a risk."  The agreement further provided that "[a]ny agreement changes must be written as a separate amendment and signed by both parties."

3

On July 12, 2012, plaintiff filed a first amended complaint which was nearly identical to the original complaint,[2] but newly included alter ego and aiding and abetting allegations.

Defendant Hall demurred to the first amended complaint, arguing that it stated no personal basis for liability, reasoning he was not a signatory to the contract, and any fraudulent misrepresentations were made on behalf of the LLC, and not in his individual capacity. The trial court sustained the demurrer with leave to amend.

The second amended complaint alleged causes of action for breach of the joint venture agreement, breach of fiduciary duty, quiet title, declaratory relief, resulting or constructive trust, two claims for fraud and deceit (one against the LLC and the other against Hall), two claims for constructive fraud (one against the LLC and the other against Hall), and cancellation of instruments.[3] The amended pleading eliminated the alter ego allegations, and eliminated Hall as a defendant for many of the claims, including the contract claim, the quiet title claim, the constructive trust claim, and the claim for cancellation of instruments. Otherwise, the factual allegations were nearly identical to the earlier pleadings.

The claim for breach of fiduciary duty alleged that "[b]y intentionally repudiating the existence of the joint venture and denying Plaintiff's interest in the Joint Venture Properties, Defendant Hall materially breached the duty of care owed to Plaintiff." The claim also incorporated allegations that "[a] close and confidential relationship existed between the General Manager and defendant Hall and the General Manager reposed the utmost trust and confidence in Hall who represented that he had participated in six (6)

---

**2** The amended pleading was apparently filed in response to a demurrer filed by defendant Hall, before the hearing on the demurrer. The demurrer to the original complaint is not part of the record on appeal.

**3** The claim for cancellation of instruments was brought against individuals to whom some of the subject properties were transferred during the pendency of this case.

4

previous tax auctions and claimed to have a high level of knowledge and expertise in tax auctions."

The claim for declaratory relief alleged that a controversy existed between plaintiff and Hall "in that defendant Hall claims that Plaintiff owes defendant Hall, personally, a consultation fee of $150,000 ('consultation fee') with respect to the Separate Properties purchased independently by the General Manager at the auction. Plaintiff contends that Hall is not owed any sum of money whatsoever in connection with the purchase of the Separate Properties. [¶] . . . [¶] . . . Plaintiff desires a judicial determination of the respective rights of the parties in order that the parties may ascertain their rights and duties with respect to the Joint Venture Properties and the purported consultation fee."

The fraud cause of action alleged that "[b]y entering into the joint venture agreement. . . . Defendant Hall promised the General Manager that the [plaintiff] and Just in Time would share equally in the ownership of the joint venture assets and in the profits and losses of the joint venture." The second amended complaint further alleged that Hall had no intention of performing on the promises made to plaintiff, and made the promises to induce plaintiff "to invest $60,000 in Just in Time" from which Hall would gain profits and benefits for himself. It also alleged a "close and confidential relationship" between plaintiff's general manager, and that the general manager "reposed the utmost confidence and trust in Hall." This cause of action incorporated the earlier allegations that Hall had wrongfully claimed entitlement to a consulting fee.

The cause of action for constructive fraud alleged that "[b]y virtue of the joint venture agreement, the relationship between Plaintiff and Defendant Hall was fiduciary in nature. Defendant Hall thereby owed Plaintiff the fiduciary duties of loyalty and care, and the obligation to conduct the joint venture business with good faith and fair dealing. Because Plaintiff's confidence in Defendant Hall's integrity caused Plaintiff to entrust Defendant with the authority to act for the joint venture and to invest $60,000 in the joint venture, a confidential relationship existed at all times herein mentioned between Plaintiff and Defendant. [¶] . . . [¶] . . . Defendant Hall breached his fiduciary duties to Plaintiff

5

and violated the relationship of trust and confidence by concocting a secret scheme to exclude Plaintiff from its interest in the joint venture properties, by demanding that Plaintiff relinquish its interest in the joint venture properties." The cause of action also incorporated allegations that a "close and confidential relationship" existed between Hall and plaintiff's general manager based on Hall's experience participating in tax sales.

The second amended complaint also newly alleged that defendant Just in Time, through defendant Hall, had sold seven of the subject properties on Craigslist or Ebay, notwithstanding the lis pendens filed by plaintiff. Appended to the pleading were grant deeds whereby Just in Time transferred the properties to other individuals. The deeds were signed by Hall in his capacity as CEO. The transfers occurred during the pendency of this action, in 2012.

Defendant Hall again demurred, arguing he was not a party to the contract, and therefore there was no basis for individual liability arising out of the contractual relationship. Defendant additionally argued that the fraud claims failed because Hall was acting on behalf of Just in Time, and because the claims were not alleged with sufficient specificity.

In opposition, plaintiff urged that joint venturers owe fiduciary duties, and that Hall personally induced plaintiff's investment, and should not be permitted to hide behind the "veil" of the LLC defendant.

The trial court sustained the demurrer without leave to amend. The trial court found the allegations against Hall "deficient" and there was "no . . . legal basis to assert liability against defendant Hall." Plaintiff timely appealed the order of dismissal.

## DISCUSSION

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility

6

that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank*, *supra*, at p. 318.) "The plaintiff bears the burden of proving there is a reasonable possibility of amendment. . . . [¶] To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' . . . The plaintiff must clearly and specifically set forth the 'applicable substantive law' and the legal basis for amendment, i.e., the elements of the cause of action and authority for it." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44, citations omitted.)

The second amended complaint alleged causes of action for breach of fiduciary duty, declaratory relief, fraud, and constructive fraud against defendant Hall. In resolving this appeal, it is important to note what is *not* at issue. Plaintiff's appellate brief offers no additional facts it might allege, and does not seek leave to amend to add alter ego allegations against defendant Hall. Plaintiff also does not seek to revive its declaratory relief cause of action. This appeal only concerns the sufficiency of plaintiff's claims for breach of fiduciary duty, fraud, and constructive fraud against Hall in his individual capacity. Of these claims, we conclude that only the fraud claim is well stated.

The breach of fiduciary duty and constructive fraud causes of action allege the existence of a fiduciary relationship based on the joint venture agreement. It is well settled that joint venturers owe fiduciary duties to each other. (*Weiner v. Fleischman* (1991) 54 Cal.3d 476, 482.) It is also well settled that constructive fraud claims apply only when a fiduciary or confidential relationship exists. (*Assilzadeh v. Cal. Fed. Bank* (2000) 82 Cal.App.4th 399, 415.) These claims fail for the simple reason that the second amended complaint and appended contract make clear that the only parties to the joint venture agreement were plaintiff and Just in Time, and therefore a fiduciary relationship arose only between the contracting business entities.

These causes of action also incorporated allegations that plaintiff's general manager reposed confidence and trust in Hall. A confidential relationship, giving rise to fiduciary duties, may exist between two persons when one has gained the confidence of

7

the other and purports to act or advise with the other's interest in mind. Such a relationship may exist even when there is no fiduciary relationship, as long as one party has reposed trust and confidence in the other, who is aware of this fact. (*Driscoll v. Los Angeles* (1967) 67 Cal.2d 297, 308, fn. 11.)

The allegations concerning a "close and confidential relationship" between Hall and plaintiff's general manager are insufficient to give rise to a fiduciary duty. The second amended complaint alleges that two business entities entered into a contract for the purpose of purchasing and developing real properties. The complaint *repudiates* the existence of any consulting relationship between plaintiff and Hall. The complaint did not allege that Hall provided any investment advice to plaintiff. Instead, the contract between the parties made clear that plaintiff was advised that real estate investments are uncertain, and that no results were guaranteed. These allegations, taken as a whole, simply do not suggest that Hall gained an advantage over plaintiff by virtue of any special relationship that existed between Hall and plaintiff's general manager.

The trial court erred, however, in sustaining the demurrer to the fraud cause of action. The second amended complaint alleged that Hall represented, on behalf of Just in Time, that Just in Time would share an equity interest in the properties purchased at the tax sale with plaintiff. However, Hall made this representation knowing of its falsity, given his intent to assert a bogus claim for a consulting fee, to induce plaintiff to enter into the agreement and invest funds in Just in Time. (See *Charnay v. Cobert* (2006) 145 Cal. App. 4th 170, 184 [reciting elements of fraud cause of action].)

Relying on former Corporations Code sections 17101 and 17158, defendant Hall argues he may not be held individually liable for the torts of the defendant LLC, as he was not a signatory to the contract, and was merely acting on the LLC's behalf. (See Stats. 1999, ch. 490, § 3, Stats. 1996, ch. 57, § 14.) These statutes provide that members and officers of an LLC are not personally liable for liabilities of the LLC "solely by reason of being a [member or officer] of the limited liability company." (*Ibid.*) However, former section 17101, subdivision (c) expressly provides for individual liability "for the member's participation in tortious conduct." (Stats. 1999, ch. 490, § 3 .)

8

In *People v. Pacific Landmark LLC* (2005) 129 Cal.App.4th 1203, 1213, the court analyzed these statutes, and concluded that while "managers of limited liability companies may not be held liable for the wrongful conduct of the companies *merely* because of the managers' status, they may nonetheless be held accountable under Corporations Code section 17158, subdivision (a) for their personal participation in tortious or criminal conduct, even when performing their duties as manager." In that case, the City of Los Angeles sought an injunction against an illegal massage parlor, the LLC lessor of the property on which the parlor was operated, and against the lessor's manager. The manager claimed he was exempt from any personal liability. Finding the city did not seek to impose the injunction on him simply because of his status as manager, but because of his personal participation (he signed the lease, retained the right to inspect the premises, served the notice to quit yet failed to inspect to determine compliance, failed to remove the sign advertising the massage parlor, etc.), the court concluded "managers . . . may be personally liable for their participation in [the] wrongs" of the LLC. (*Id*. at pp. 1216-1217.)

Such is the case here. The second amended complaint does not seek to impose liability against Hall merely because of his status as CEO, but because of his personal role in the alleged wrongdoing.

## DISPOSITION

The judgment is reversed in part and affirmed in part. Plaintiff and appellant shall recover its costs on appeal.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.



FLIER, J

9