NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: HOAG URGENT CARE-TUSTIN, INC., <br><br> Debtor, <br> _____ <br><br> ROBERT AMSTER, M.D.; et al., <br><br> Appellants, <br><br> v. <br><br> HOAG MEMORIAL HOSPITAL PRESBYTERIAN; NEWPORT HEALTHCARE CENTER, LLC, <br><br> Appellees. | No. 21-55452 <br><br> D.C. Nos. 8:19-cv-02343-MWF <br> 8:20-cv-00510-MWF <br> 8:20-cv-00511-MWF <br> 8:20-cv-00512-MWF <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 15, 2022**
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BRESS and BUMATAY, Circuit Judges, and BENITEZ,*** District Judge.

Dr. Robert Amster, Robert Amster, M.D., Inc., and Your Neighborhood Urgent Care, LLC (collectively, "Amster"), appeal a district court order affirming a bankruptcy court's orders granting Hoag Memorial Hospital Presbyterian and Newport Healthcare Center, LLC (collectively, "Hoag") summary judgment. We review de novo a district court's decision to affirm a bankruptcy court's grant of summary judgment. *Um v. Spokane Rock I, LLC*, 904 F.3d 815, 818 (9th Cir. 2018). We affirm.

1.      A joint venture was not created between Amster and Hoag. Under California law, a joint venture is "an undertaking by two or more persons jointly to carry out a single business enterprise for profit." *Weiner v. Fleischman*, 816 P.2d 892, 895 (Cal. 1991) (simplified). Generally, three elements must be established: "(1) joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control." *580 Folsom Assocs. v. Prometheus Dev. Co.*, 272 Cal. Rptr. 227, 234 (Cal. Ct. App. 1990) (simplified). The touchstone for determining the existence of a joint venture is "the intention of the parties." *Apr. Enters., Inc. v. KTTV*, 195 Cal. Rptr. 421, 427 (Cal. Ct. App. 1983). Amster cannot

---

***      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

show a genuine dispute as to at least two elements. And it is clear that the parties did not intend to become joint venturers in the clinics.

First, Hoag had no ownership interest in any entity dealing with the clinics. The parties initially discussed a joint venture arrangement, but that idea was abandoned. They then executed the Master Urgent Care Development Agreement ("MUCDA"). Amster agreed to be the 100% owner and operator of the urgent care facilities. Hoag only agreed to be in a licensor-licensee, landlord-tenant, and creditor-debtor relationship with Amster.

Second, Hoag and Amster did not share profits and losses. Generally, joint venturers "*must* share the profits of the undertaking." *Unruh-Haxton v. Regents of Univ. of Cal.*, 76 Cal. Rptr. 3d 146, 168 (Cal. Ct. App. 2008) (emphasis added); 9 Witkin, Summary 11th Partnership § 14 ("Sharing profits and losses . . . is usually an *indispensable* feature of a joint venture[.]" (emphasis added)). But no part of the MUCDA or licensing agreement provided Hoag with any share in the profits or losses of the clinics.

This case is also unlike *Krantz v. BT Visual Images, L.L.C.*, which found a dispute on profit sharing when a plaintiff agreed to sell equipment incorporating a defendant's components for a commission on sales. 107 Cal. Rptr. 2d 209, 211–13 (Cal. Ct. App. 2001). Unlike in *Krantz*, the fee arrangement here did not involve any potential profit sharing. Hoag was not entitled to a percentage of sales; it was

3

only entitled to receive flat rent and lease payments, trademark license fees, and loan payments. And any incidental benefits Hoag may have received from patient referrals and brand enhancement is not comparable to a direct commission, as in *Krantz*.

The record also confirms that the parties did not intend to form a joint venture. The parties initially contemplated jointly owning the urgent care centers, but Hoag retreated from that arrangement. It told Amster that a joint venture was not "feasible." Hoag and Amster then executed the MUCDA, declaring Amster the sole owner of the urgent care centers. Later, in subsequent loan and sublease restructuring agreements, the parties stipulated that Hoag "has [not] agreed or consented to being an agent, principal, participant, *joint venturer*, partner or alter ego of" Amster. And while an express disclaimer is not itself dispositive of the creation of a joint venture, *see Apr. Enters., Inc.*, 195 Cal. Rptr. at 428, it adds to the weight of evidence showing that the parties did not intend to become joint venturers.

2. Amster cannot invoke the sham guaranty defense against Hoag's counterclaim for breach of guaranties. The defense derives from California antideficiency laws, which provide that a lender cannot "obtain[] a deficiency judgment from a borrower following a nonjudicial foreclosure of real property." *LSREF2 Clover Prop. 4, LLC v. Festival Retail Fund 1, LP*, 208 Cal. Rptr. 3d 200, 206 (Cal. Ct. App. 2016); *see* Cal. Civ. Proc. Code §§ 580(a)–(e), 726. But Amster

has not cited authority suggesting that the defense applies outside the context of the foreclosure of real property. *See Cadle Co. II v. Harvey*, 100 Cal. Rptr. 2d 150, 154 (Cal. Ct. App. 2000) (explaining that the antideficiency laws "reflect a legislative policy that strictly limits the right to recover deficiency judgments for the amount the debt exceeds the value of the security"); *see also Festival Retail Fund 1, LP*, 208 Cal. Rptr. 3d at 206; *Torrey Pines Bank v. Hoffman*, 282 Cal. Rptr. 354, 359–60 (Cal. Ct. App. 1991). And here, the guaranties only involve lease payments and other obligations owed to Hoag. The district court thus properly affirmed the order granting summary judgment for Hoag.

3. Amster also appeals the bankruptcy court's order striking the jury demand. The district court declined to reach the issue because it affirmed the grants of summary judgment against Amster. For the same reason, we also do not reach the issue.

**AFFIRMED.**